UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 16 1995

CLERK

CARL WILSON, an individual, and )
AUDREE WILSON, an individual, )
)
Plaintiffs, )
)
v. ) 94 Civ. 892 (JC)
)
HARPERCOLLINS PUBLISHERS, INC., )
a Delaware corporation, )
)
Defendant. )

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER PRECLUDING PLAINTIFFS' USE OF EXPERTS

HarperCollins Publishers, Inc. ("HarperCollins") submits this memorandum in support of its motion, pursuant to Rules 16(f) and 37(c)(1) of the Federal Rules of Civil Procedure, for an order precluding plaintiffs' use of experts on the issues of whether plaintiffs Carl and Audree Wilson are public or private figures and whether HarperCollins acted with the requisite standard of care imposed by law in publishing Wouldn't It Be Nice.

### INTRODUCTION

Following a scheduling conference before Magistrate Judge Garcia on November 14, 1994, this Court entered a Scheduling Order Assigning Standard Track case management to the first phase of discovery in the above referenced libel action. Attachment A. Pursuant to the Scheduling Order, the first phase of

NYFS08...:\60\51660\0063\2536\BRF2145T.130

discovery is limited to a determination of whether plaintiffs Carl and Audree Wilson are public or private figures and whether defendant HarperCollins acted with the requisite standard of care imposed by law. At the November 14, 1994 scheduling conference, Judge Garcia stressed the importance of strict adherence to the Court's Scheduling Order and instructed the parties that deviations from the schedule could only be obtained, by motion, upon a showing of good cause.

The Scheduling Order provides, among other things, that plaintiffs' deadline for identifying experts and submitting reports was February 1, 1995. Defendant's deadline for identifying experts and submitting reports is March 1, 1995. Discovery on first phase issues is scheduled to close on April 14, 1995.

Plaintiffs failed to identify experts and submit reports by the February 1, 1995 deadline and made no effort to obtain an extension or even to notify HarperCollins and the Court that they might need one. In other words, no good cause for changing the deadline has been shown. It was not until HarperCollins sought a telephone conference with Judge Garcia to discuss plaintiffs' two-month delinquency in producing documents that HarperCollins and the Court were notified that plaintiffs still intend to use experts and will now belatedly seek permission from the Court to identify those experts and submit reports, notwithstanding the fact that they knowingly flouted a court-imposed deadline.

## ARGUMENT

Rule 16(f) of the Federal Rules of Civil Procedure provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . .

Fed. R. Civ. P. 16(f).[1] As the Tenth Circuit has indicated, Rule 16(f) is intended to "give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." Baker v. Rivair Flying Service, Inc., 744 F.2d 1438, 1439 (10th Cir. 1984).

Rule 37(c)(1) additionally provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall

---

1. Rule 16(f) further provides:

> In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

> not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 26(a) requires, among other things, timely disclosure of the identities of experts and the production of expert reports. Fed. R. Civ. P. 26(a)(2). Thus, under the Rules, one of the sanctions the Court may impose when, as here, a party flouts a discovery deadline for the identification of expert witnesses is to preclude that party from using experts. See, e.g., Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990); Sexton v. Gulf Oil Corporation, 809 F.2d 167 (1st Cir. 1987); Raab v. Amatex Corporation, 769 F.2d 996 (4th Cir. 1985); Carlson v. Grobman, 133 F.R.D. 5 (D.N.H. 1990).

In Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990), for example, the Fifth Circuit affirmed the trial court's order striking plaintiff's late-filed designation of an expert witness in a legal malpractice case where the plaintiff missed, without timely explanation, the court-imposed deadline for identifying his expert witnesses. In affirming the lower court's decision, the Fifth Circuit examined four factors:

> (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

Geiserman, 893 F.2d at 790.

Applying those factors here, plaintiffs must concede that they were fully aware of the discovery timetable and the importance this Court places upon compliance with scheduling orders. Indeed, they were present through their counsel at the pretrial conference and agreed to the overall approach reflected in the Court's November 23, 1994 Scheduling Order. Nevertheless, they simply let the deadline slide right by.

Even assuming there had been legitimate reasons why plaintiffs could not comply with the Scheduling Order, the proper procedure would have been to move for an extension of time within which to comply. Plaintiffs made no such motion but instead chose to proceed according to their own timetable and now belatedly plan to ask the court for an extension. "The Court cannot condone this sort of disregard for its orders." Rabb v. Amatex Corporation, 769 F.2d 996, 999 (4th Cir. 1985) (affirming district court's order precluding testimony of belatedly identified witnesses "[i]n light of counsel's conceded full awareness of and utter disregard for the district court's discovery timetable set forth in the pre-trial order"); Carlson v. Grobman, 133 F.R.D. at 7 (precluding plaintiffs' use of experts where "[p]laintiffs had an obligation to disclose their experts' written reports to defendant . . . pursuant to the Magistrate's Report and Recommendation. Plaintiffs did not comply with this direction. 'The Magistrate's

Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril'").

While expert testimony can elucidate whether the governing standard of care has been met, it cannot be said to be essential in determining whether HarperCollins met the constitutionally dictated standard.[2] Even to the degree that expert testimony may have significance, however, as the court noted in Geiserman, this is all the more reason for plaintiffs to have heeded the court-imposed deadline. Geiserman, 893 F.2d at 791.

On the issue of prejudice, it must be noted that plaintiffs were made well aware of the rigorous discovery schedule adopted in this case and this Court's emphasis on the stringent enforcement of local rules and scheduling orders. Any belated effort by plaintiffs to designate experts will significantly disrupt the discovery schedule. For example, it could impact upon HarperCollins' designation of experts and the reports required by Rule 26(a) to be filed by HarperCollins' own court-imposed deadline of March 1, 1995, which is now less than two weeks away. A continuance would also interfere with the discovery cut-off currently set

---

2. With respect to Carl Wilson, the likely test will be whether HarperCollins acted with "actual malice" -- i.e., whether it published the assertedly defamatory statements with knowledge as to their falsity or in reckless disregard of their truth or falsity. With respect to Audree Wilson, either the foregoing standard will apply, or one or more variations of a negligence or gross negligence standard will pertain.

6

for April 14, 1995 and would, therefore, in turn impact upon the briefing schedule set forth in the Scheduling Order.[3]

## CONCLUSION

For the foregoing reasons, defendant HarperCollins Publishers, Inc. requests that the Court enter an order precluding plaintiffs' use of experts in the first phase of the above referenced action. HarperCollins further requests that it be allowed to make its own designation of experts two weeks after receipt of the Court's order granting this motion.

                        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                        By: *William S. Dixon*
                             William S. Dixon
                             Post Office Box 1888
                             Albuquerque, New Mexico  87103
                             Telephone:  (505) 765-5900

---

3. Should plaintiffs proceed to file a motion seeking additional time to identify their experts and submit the required reports -- as they have indicated they will do -- fundamental fairness dictates that HarperCollins be given additional time in which to designate its own experts. Specifically, in such circumstances, HarperCollins would request thirty days from any new deadline provided to the plaintiffs in which to designate its own experts. If plaintiffs' motion is denied, HarperCollins would request two weeks from receipt of the Court's decision within which to make the designation.

7

        R. Bruce Rich
        Katherine J. Daniels
        WEIL, GOTSHAL & MANGES
        767 Fifth Avenue
        New York, New York  10153
        Telephone (212) 310-8000

        Attorneys for Defendant
        HarperCollins Publishers, Inc.

We hereby certify that a copy of
the foregoing was hand-delivered
to Ernesto Romero and forwarded
via overnight service to Jody Leslie
this 16th day of February, 1995,
at the following addresses:

    Ernesto J. Romero
    3602 Campus Blvd., N.E.
    Albuquerque, NM  87106

    Jody Leslie
    Langberg, Leslie & Gabriel
    2049 Century Park East, Suite 3030
    Los Angeles, CA  90067

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____
     William S. Dixon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

94 NOV 23 AM 8:28

CARL WILSON and AUDREE WILSON,

    Plaintiffs,

vs.    CIVIL NO. 94-892 JC/LFG

HARPERCOLLINS PUBLISHING,
INC., a Delaware corporation,

    Defendant.

### SCHEDULING ORDER ASSIGNING STANDARD TRACK

THIS MATTER is before the Court at a Rule 16 scheduling conference. The Court determines that assignment of this case to a "standard" case management track is appropriate and sets pre-trial deadlines limited to the first phase of discovery[1] as follows:

| | |
|---|---|
| Termination for discovery | April 14, 1995 |
| Motions relating to discovery | May 4, 1995 |
| Plaintiffs' experts and reports | February 1, 1995 |
| Defendant's experts and reports | March 1, 1995 |
| Pre-trial motions | May 15, 1995 |

                                                    LORENZO F. GARCIA, U.S. Magistrate Judge

---

[1] The first phase of discovery is limited to a determination of whether Carl and Audree Wilson are public or private figures and whether HarperCollins acted with the requisite standard of care imposed by law. The second phase of discovery will focus on remaining liability and damage issues, including truth or falsity, the meaning of the allegedly defamatory statements, causation and damages. Deadlines for the second phase of discovery will be set later, if necessary.

ATTACHMENT A