IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL WILSON, an individual, )
and AUDREE WILSON, an )
individual, ) Case No. CIV 94 3892 JC
)
  Plaintiffs, )
)
  v. )
)
HARPERCOLLINS PUBLISHERS, )
INC., a Delaware corporation, )
  Defendant. )

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO DESIGNATE EXPERT WITNESSES

Come now Plaintiffs Audree Wilson and Carl Wilson to submit this Memorandum in support of their Motion for Extension of Time Within Which to Designate Expert Witnesses.

F.R. Civ. P. Rule 16(e) allows the Court to modify a Pre-Trial Scheduling Order on a showing of good cause. As discussed below in more detail, Plaintiffs submit that given the type of expert testimony to be presented and the discovery from Defendant HarperCollins which is necessary for the experts to analyze in order to render a useful and competent report, good cause exists to modify the Scheduling Order in this regard. See, Advisory Committee's Note to the 1993 Amendment to Rule 16 (the "timing and sequence of disclosure of expert testimony...to be used at trial should be tailored to the circumstances of the case," emphasis added).

Plaintiffs submit that Defendant HarperCollins will not suffer any prejudice from extension of the expert witness designation. The cost effectiveness of the two phase discovery plan imposed at HarperCollins' request will not be impaired. The only "detriment" to HarperCollins if the Scheduling Order is modified, is that HarperCollins will not receive the benefit of a hasty and ill-conceived designation of experts by Plaintiffs. As discussed below in more detail, a later designation date will allow for the production of expert witness reports that analyze the deposition testimony of critical witnesses.

Plaintiffs respectfully ask the Court to excuse the failure of their counsel to meet the current February 1, 1995 deadline. Plaintiffs' counsel apologizes to the Court for its neglect in missing the deadline, and represents to the Court that such oversight was not the result of a contumacious attitude or disrespect for the Court, but was related to Plaintiffs' discovery burdens[1] and other problems of Plaintiffs' counsel

---

[1] With regard to the burden of production, Defendant HarperCollins' discovery requests necessitated the production of a voluminous privilege log, because HarperCollins requested all documents relating to the conservatorship proceedings for Brian Wilson (the purported author), and his mental condition. Such documents were protected from disclosure by a Court sealing order and a confidentiality agreement. Plaintiffs' counsel devoted substantial time to preparing a privilege log with <u>sufficient detail</u> to allow Defendant HarperCollins to identify those documents which it feels are genuinely relevant to the preparation of its defense. That effort was necessary because Brian Wilson's conservator has advised that a blanket unsealing of the conservatorship file would be vigorously opposed. Accordingly, Plaintiffs' counsel felt it was their good faith discovery obligation to provide a log with sufficient detail to allow HarperCollins to be a position to make a sufficiently narrow motion in the Los Angeles Superior Court to obtain production. Affidavit of Beth F. Dumas, Esq., ¶¶ 5-6.

v:\wil3\010\extensn2.p&a

unrelated to this case (which Plaintiffs' counsel has taken steps to resolve). Affidavit of Beth F. Dumas, Esq., ¶ 4, concurrently filed ("Dumas Affidavit").

1. **The Expert Testimony Plaintiffs Seek to Present**

As Defendant HarperCollins' counsel has been advised, Plaintiffs intend to present expert testimony on the subject of whether HarperCollins acted with the requisite standard of care in publishing "Wouldn't It Be Nice," (the "Book"), and expert testimony on the significance of the pending conservatorship proceeding concerning the purported author, Brian Wilson, in relation to the Book's editorial process.

The *meaningful selection* and *preparation* of such experts depends upon analysis of the voluminous documents produced by Defendant HarperCollins in December 1994 and February 1995 relating to the authorship, the editorial process and prepublication legal review of the Book. Plaintiffs' counsel is in the process of analyzing such documents, the last box of which was produced by Defendant HarperCollins on February 22, 1995.

---

While Plaintiffs are appreciative of the efforts HarperCollins made to produce most of their documents in December 1994, it bears noting that HarperCollins' burden of production was comparatively light. The editorial documents HarperCollins produced had already been produced in an earlier libel action brought by Beach Boys member Mike Love. Thus, HarperCollins' burden consisted primarily of obtaining those previously produced documents from storage and shipping them out. HarperCollins produced its last box of documents on February 22, 1995. Dumas Affidavit ¶ 7.

Plaintiffs ask the Court for an extension of time to designate experts until March 24, 1995. In the alternative, however, Plaintiffs ask the Court to extend the deadline for designation until the close of Phase One Discovery (April 15, 1995), as Plaintiffs believe that such deadline is optimal, in that it is "tailored to the circumstances" that bear upon the formation of the experts' opinions. Advisory Committee's Note to the 1993 Amendment to Rule 16, supra.

An April 15, 1995 deadline would give Plaintiffs' experts the opportunity to consider the deposition testimony of critical witnesses such as the HarperCollins' editors and prepublication review libel attorneys. Counsel have met and conferred regarding the deposition schedule, and those depositions are scheduled to occur in New York from March 10 through March 17, and April 3 through April 7. Also scheduled to occur before the close of Phase One discovery are the depositions of those representatives of Brian Wilson whom Plaintiffs believe HarperCollins' lawyers contacted in response to Plaintiffs' warning about the authorship of the Book and the manipulation of text by Eugene Landy (Brian Wilson's de-licensed psychologist and business "partner").[2]

---

[2] The conservatorship proceeding was instituted to free Brain Wilson from the "mind control" of Landy. The conservatorship proceedings resulted in the appointment of a Conservator, and the entering of a permanent restraining order barring Landy from having an contact or business association with Brian Wilson. The business relationships between Landy and Brian Wilson were dissolved, including without limitation the "Brains+Genius" partnership between Landy and Wilson that was the contracting party on the Book deal with HarperCollins.

v:\wil3\010\extensn2.p&a

2. **HarperCollins Will Not Be Prejudiced**

Plaintiffs submit that no real prejudice will be suffered by Defendant HarperCollins if the expert witness deadline is extended. The two phase discovery plan was requested by Defendant HarperCollins to save it the cost of proceeding with expensive discovery on the issue of truth. Phase One Discovery is limited to the "public" versus "private" status of Plaintiffs, and the question of whether Defendant HarperCollins exercised the requisite standard of care in publishing the Book. After Phase One Discovery, Defendant will move for summary judgment. If denied, Phase Two Discovery will begin, during which Defendant will pursue discovery on the issue of truth and Plaintiffs' damages. Thus, Plaintiffs' cost of pursuing discovery is high in Phase One, whereas Defendant's cost of pursuing discovery is high in Phase Two. The only "detriment" to Defendant HarperCollins if the expert witness designation is extended, is that HarperCollins will not have the benefit of a hasty and ill-conceived designation of experts by Plaintiffs. While a delay in Plaintiffs' designation of experts may delay for at most one month the moving by Defendant HarperCollins for summary judgment, it will not make the Discovery Plan any more costly for Defendant HarperCollins. See, <u>Daugherty v. Fruehauf Trailer Corp.</u>, 146 F.R.D. 129 (E.D. Pa. 1993)(plaintiff's violation of scheduling order by failing to timely disclose expert witnesses did not warrant extreme sanction of precluding their testimony; defendant failed to demonstrate any specific prejudice or any reason why any prejudice could not be cured by, <u>inter alia</u>, the grant of

additional time to defendant to depose plaintiff's experts). Accord, EEOC v. General Dynamics Corp., 999 F.2d 113, 116-117 (5th Cir. 1993).

Plaintiffs submit that a continuance of the designation deadline will be more efficient, because it will give Plaintiffs' experts the opportunity to form opinions based on the evidence in the case. It is important to bear in mind that the role of Plaintiffs' experts with regard to Phase One issues is not the analysis of the harm suffered by Plaintiffs. Thus, Plaintiffs themselves are not the source of the information upon which the experts' opinions will rest. Rather, the Plaintiffs' experts must analyze the conduct of the authors, editorial staff, libel attorneys, and the persons they communicated with, as disclosed in their upcoming deposition testimony, and as disclosed in the documents produced by Defendant HarperCollins.

3. **Conclusion**

For all of the foregoing reasons, Plaintiffs ask the Court to modify the Scheduling Order to: (1) extend the deadline for both parties to designate experts until April 15, 1995; (2) allow the parties to conduct expert witness depositions from April 15 to May 15, or such other time as the Court deems appropriate; and (3) extend by one month HarperCollins' deadline to move for

v:\wil3\010\extensn2.p&a

summary judgment (from May 15 to June 15, or such other time as the Court deems appropriate).

Respectfully submitted,

**Attorneys for Plaintiffs,
Carl Wilson and Audree Wilson:**

THE ROMERO LAW FIRM

By: _____
　　Ernesto J. Romero
3602 Campus N.E.
Albuquerque, New Mexico 87106
Telephone: (505) 262-2131

## CERTIFICATE OF SERVICE

I certify I caused a true copy of the foregoing pleading to be hand delivered to opposing counsel, William S. Dickson, Esq., and mailed to Defendant, care of Mr. Dickson's co-counsel, Bruce Rich, Esq., Weil, Gotshal & Manges, 767 Fifth Avenue, New York, New York 10153. This 3rd day of March, 1995, with first class postage affixed.

_____
Ernesto Romero

v:\wil3\010\extensn2.p&a