IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CARL WILSON, an individual, and AUDREE WILSON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HARPERCOLLINS PUBLISHERS, INC., a Delaware corporation, Defendant. | Case No. CIV 94 892 JC |

**AFFIDAVIT OF BETH F. DUMAS, ESQ. IN SUPPORT OF
PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO DESIGNATE
EXPERT WITNESSES AND RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO PRECLUDE PLAINTIFFS' USE OF EXPERTS**

I, Beth F. Dumas, hereby declare:

1.    I am an attorney with the law firm Langberg, Leslie & Gabriel, counsel for Plaintiffs Audree Wilson and Carl Wilson, along with the Law Offices of Ernesto J. Romero.  This Affidavit is based on my personal knowledge and I could and would testify to the contents herein.

2.    I am duly licensed to practice law before the Courts of the State of California and the Central District of California.

3.    This Affidavit is submitted in support of Plaintiffs' Response to Defendant HarperCollins' Motion to Preclude Plaintiffs' Use of Experts, and in support of Plaintiffs' Motion For Extension of Time to Designate Experts.

4.    I acknowledge as counsel responsible for handling discovery matters on behalf of Plaintiffs, that I failed to meet

*v:\wil3\010\affidavt.bfd*

the February 1, 1995 deadline for Plaintiffs to designate experts
and produce expert reports, set by the Court's Initial Scheduling
Order.  I apologize to the Court for this neglect, and represent
to the Court that such oversight was not the result of a
contumacious attitude on my part or disrespect for the Court, but
was related to the burden of responding to HarperCollins'
discovery request, and further, other problems unrelated to this
case.  Those problems stemmed from a personal event which caused
significant disruption in my personal and professional life,
namely, the break-up of my marriage and associated depression,
for which I am undergoing counseling.

5.   With regard to the burden of responding to
HarperCollins' discovery request, such request necessitated the
production of a voluminous privilege log (in excess of 40 pages),
because HarperCollins requested all documents relating to the
conservatorship proceedings for Brian Wilson (the purported
author of "Wouldn't It Be Nice") and his mental condition.  The
log was needed because such documents were protected from
disclosure by a court sealing order and a confidentiality
agreement.  I devoted substantial time in preparing the privilege
log with sufficient detail so that Defendant HarperCollins would
be able to identify those documents which it feels are genuinely
relevant to the preparation of its defense.  I felt that effort
was necessary because Brian Wilson's conservator had advised me
that a blanket unsealing of the conservatorship file would be
vigorously opposed.  Accordingly, I felt it was my good faith
discovery obligation to provide a log with sufficient detail to

-2-

allow HarperCollins to be in a position to make a sufficiently narrow motion to the Los Angeles Superior Court to obtain production.

6.   The documents from the conservatorship are arguably relevant, because when HarperCollins published "Wouldn't It Be Nice" (the "Book"), the conservatorship action was pending, and at that time the Court file was not sealed.  Further, Plaintiffs here specifically put HarperCollins on notice of the pendency of such conservatorship action, and the suspected manipulation of the text of the book by Eugene Landy.  Landy was the delicensed psychologist/business partner of the purported author, Brian Wilson.  (Landy's undue influence and "mind control" over Brian Wilson was a subject of the conservatorship proceeding, and resulted in the issuance of a permanent restraining order as against Landy.)

7.   I am, on behalf of Plaintiffs, appreciative of the efforts HarperCollins has made to produce most of its documents in December 1994.  However, it bears noting that HarperCollins' burden of production was comparatively light.  The documents HarperCollins produced had already been produced by it in an earlier libel action brought by Beach Boys member Mike Love. Thus, HarperCollins' burden consisted primarily of obtaining those previously produced documents from storage and shipping them out.  The last such box of documents was shipped by Defendant HarperCollins on February 22, 1995.

8.   Prior to the time of Defendant HarperCollins making the motion to preclude Plaintiffs' experts, I discussed with

-3-

HarperCollins' counsel their amenability to extending the expert witness designation dates of all parties. HarperCollins' counsel (Bruce Rich) refused to agree to such continuance, although counsel could not or would not explain the prejudice to HarperCollins if such continuance were granted by the Court. I have advised Defendant HarperCollins' counsel (Bruce Rich), that Plaintiffs wish to present expert testimony on the subject of whether HarperCollins acted with the requisite standard of care in publishing "Wouldn't It Be Nice," (the "Book"), and expert testimony on the significance of the conservatorship proceeding that was pending as to the purported author, Brian Wilson, in relation to the Book's editorial process. The only "detriment" to Defendant HarperCollins if the expert witness designation is extended is that HarperCollins will not have the benefit of hasty and ill-conceived designation of experts by Plaintiffs. While a delay in Plaintiffs' designation of experts may delay for at most one month the moving by Defendant HarperCollins for summary judgment, Defendant HarperCollins' counsel has not provided any explanation of why it would make the discovery plan any more costly, nor can I conceive of any such explanation. Given the nuances of this libel case, good cause for a continuance of the expert designation deadline lies in the fact that a later designation will be more efficient because Defendant HarperCollins will receive an expert witness report that reflects the evidence in the case. I am in the process of analyzing the voluminous documents (more than 10,000 pages) produced by HarperCollins relating to the authorship, editorial review and

*v:\wil3\010\affidavi.bfd*

prepublication legal review of the Book (the last box of which was produced by HarperCollins on February 22). Moreover, a later expert designation date will allow for consideration of the deposition testimony of HarperCollins' editorial staff and prepublication review libel attorneys. The deposition schedule has already been set with opposing counsel, and such depositions begin March 10 in New York.

9. Given that the meaningful selection of Plaintiffs' experts with regard to Phase One issues, as well as the formation of those experts' opinions, hinges upon analysis of the foregoing, I submit on behalf of Plaintiffs that continuation of the expert witness designation deadline until the close of phase one discovery (April 15), is more appropriately tailored to the circumstances of this case.

10. For all the foregoing reasons, I respectfully ask the Court to decline from imposing the harsh sanction of precluding Plaintiffs' expert witnesses. Plaintiffs themselves are not responsible for the missed deadline, and for my neglect in this regard.

I declare under of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this _____ 3rd _____ day of March, 1995, at Los Angeles, California.

_____
BETH F. DUMAS

-5-

## CERTIFICATE OF SERVICE

I certify I caused a true copy of the foregoing pleading to be hand delivered to opposing counsel, William S. Dickson, Esq., and mailed to Defendant, care of Mr. Dickson's co-counsel, Bruce Rich, Esq., Weil, Gotshal & Manges, 767 Fifth Avenue, New York, New York 10153. This _____ day of March, 1995, with first class postage affixed.

Ernesto Romero

-6-