IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL WILSON, an individual, )
and AUDREE WILSON, an )
individual, )
) Case No. CIV 94 892 JC
)
Plaintiffs, )
)
v. )
)
HARPERCOLLINS PUBLISHERS, )
INC., a Delaware corporation, )
Defendant. )
)

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE PLAINTIFFS' USE OF EXPERTS

COME NOW Plaintiffs Audree Wilson and Carl Wilson to submit their Memorandum in Opposition to Defendant HarperCollins' Motion to Preclude Plaintiffs' Use of Experts.

Plaintiffs did not meet the February 1, 1995 deadline to designate experts and produce expert reports, set by the Court's Initial Scheduling Order. Plaintiffs respectfully ask the Court to excuse the failure of their counsel to meet the deadline. As set forth in the Affidavit of Beth Dumas, Plaintiffs' counsel apologizes to the Court for its neglect in missing the deadline, and represents to the Court that such oversight was not the result of a contumacious attitude or disrespect for the Court, but was related to Plaintiffs' discovery burdens and other problems of Plaintiffs' counsel (unrelated to this case, which Plaintiffs' counsel has since taken steps to resolve). Affidavit

of Beth F. Dumas, Esq., ¶ 4, concurrently filed ("Dumas Affidavit").

## I. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

The issue presented by Defendant's Motion is not whether the Court has the authority to impose sanctions, but rather how the Court should exercise it's discretion over the management of this case. Federal Rule of Civil Procedure 16(e) allows the Court to modify an Initial Scheduling Order on a showing of good cause. Further, the Advisory Committee's note to the 1993 Amendment to Rule 16 provides that the "_timing_ and sequence of disclosure of expert testimony...to be used at trial should be _tailored_ to the circumstances of the case . . ," (emphasis added).

As set forth in Plaintiffs' pending Motion for Extension of Time Within Which to Designate Expert Witnesses, Plaintiffs submit that good cause exists to modify the Scheduling Order to allow for a later expert witness disclosure date. Here, the _meaningful selection_ of experts by Plaintiffs and the experts' _formation_ of an opinion depend upon _analysis_ of the voluminous documents produced by Defendant HarperCollins in December 1994 and February 1995 relating to the authorship, editorial process and attorney prepublication review of the Book, and further, analysis of the deposition testimony of, _inter alia_, HarperCollins' editors and prepublication review libel attorneys (scheduled to occur in New York in March) and the depositions of certain representatives of the purported author, Brian Wilson. Dumas Affidavit, ¶ 8.

-2-

## II. A PRECLUSION ORDER IS TOO HARSH A SANCTION

Plaintiffs ask the Court to refrain from imposing the preclusion order sought by Defendant HarperCollins. The general rule derived from the cases is that preclusion of experts is in most situations too extreme a sanction. In <u>Daugherty v. Fruehauf Trailer Corporation</u>, 146 F.R.D. 129 (E.D. Pa. 1993), the Court ruled that the plaintiff's violation of a scheduling order by failing to timely disclose expert witnesses did not warrant the extreme sanction of precluding their testimony. As in the case at bar, the defendant failed to demonstrate any specific prejudice or any reason why any prejudice could not be cured by, <u>inter alia</u>, the grant of additional time to the defendant to depose the plaintiff's experts.

Similarly, in <u>EEOC v. General Dynamics Corp.</u>, 999 F.2d 113 (5th Cir. 1993), the Court held that exclusion of the plaintiff's expert witness as a sanction for violation of a discovery order was an abuse of discretion, in that whatever prejudice would have resulted from permitting the expert to testify could have been cured by a continuance:

> "We have emphasized that continuance, not exclusion, is the preferred means of dealing with the parties' attempt to designate a witness out of order or offer new evidence. . . . '[C]oupled with appropriate sanctions, a continuance will serve the court's truth-seeking function while still allowing it to punish and deter conduct that is in violation

v:\will\010\opp2mot.p&a

of the rules.' [Citation]. Given the fact that the District Court's sanction of total exclusion of Dr. Kerns' expert testimony was tantamount to a dismissal of the EEOC's disparate impact claim, the District Court abused its discretion by failing to consider the possibility of lesser sanctions than the total preclusion of the EEOC's expert witnesses."

*Id.* at 116-117 (citations omitted). *See,* <u>Sheets v. Yamaha Motors Corporation</u>, 891 F.2d 533 (5th Cir. 1990) *reh'g denied,* in bank (inability of plaintiff to show how defendants' wrongful conduct caused any harm is a proper basis for denying sanctions).

The Court's attention is also directed to the Author's commentary to the application of Rule 16(f) sanctions, which provides, in part:

> "Where a party commits a procedural error, courts generally will not impose sanctions that compromise the merits of the case. Instead, the court should impose costs and fees. When a party commits a substantive error the court may impose sanctions which compromises the merits of a party's case."

The evidence sanction sought by Defendant HarperCollins - the preclusion of the use of expert testimony on Phase One issues - would compromise the merits of Plaintiffs' case and is thus an improper remedy to impose.

v:\wil3\010\opp2mot.p&a

The law in the Tenth Circuit is in accord with the Author's Commentary. In Baker v. Ravear Flying Svc., Inc., 744 F.2d 1428 (10th Cir. 1984), the Court held that where the plaintiff's counsel did not disclose witnesses timely in response to the defendant's interrogatories and failed to designate expert witnesses timely, sanctions in the form of a $300.00 fine against the Plaintiff's attorneys was appropriate because the interference with the Court's management of the case was the fault of the plaintiff's lawyers and sanctions should not be imposed against the client. The Court stated:

> "If the fault lie with the attorneys, that is where the sanction should be lodged. If the fault is with the client, that is where the sanction should be lodged."

See also, Woodmore v. Git-N-Go, 790 F.2d 1497 (10th Cir. 1986, (holding inter alia that it was reversible error for trial court to order dismissal for failure to timely pre-trial memorandum); Hollis v. United States, 744 F.2d 1430 (10th Cir. 1986); Roy v. American Professional Marketing Svc., 117 F.R.D. 692 (W.D. Okla. 1987). While in rare cases a preclusion sanction has been imposed, those cases presented a more egregious situation of delay. Sexton v. Gulf Oil Corp., 809 F.2d 167 (1st Cir. 1987) (declining to find error with district court's exclusion of plaintiff's experts because plaintiff had waited more than four months after deadline to request extension of designation date, without a convincing explanation as to why the deadline was missed, and further, because there was no convincing showing that

-5-

exclusion of the expert testimony would "significantly prejudice" the plaintiffs).

While the failure of Plaintiffs' counsel to timely designate expert witness is an example of neglect, Plaintiffs ask the Court to consider the personal explanation provided by Plaintiff's counsel (Dumas Affidavit, ¶ 4), and further, consider that the circumstances of discovery in this case rendered the February 1, 1995 designation deadline impractical. In this regard, the Court is asked to take into account the fact that the role of Plaintiffs' experts as regards to Phase One issue is not the analysis of the harm suffered by Plaintiffs. Thus, Plaintiffs themselves are not the source of the information upon which the experts' opinions will rest. Rather, the Phase One experts will analyze the conduct of the authors, editorial staff, libel attorneys, and the persons they communicated with, as disclosed in their upcoming deposition testimony, and the editorial documents produced by HarperCollins. As of the February 1, 1995 deadline, Plaintiffs' analysis of the documents produced by Defendant HarperCollins in December 1994 and February 1995 had not been completed, in part, because of the voluminous nature of such documents, and further, because of the burden imposed by responding to HarperCollins' document requests.[1]

---

[1] As regard to the burden of production, Defendant HarperCollins' discovery requests necessitated the production of voluminous privilege log, because HarperCollins requested all documents relating to the conservatorship proceedings for Brian Wilson (the purported author), and his mental condition. Such documents were protected from disclosure by a Court sealing order and a confidentiality order. Plaintiffs' counsel devoted substantial time to preparing a privilege log with sufficient detail to allow Defendant HarperCollins to identify those

HarperCollins filed this motion after rejecting Plaintiffs' request for agreement to a continuance of both parties' expert disclosure deadlines (HarperCollins' deadline is March 1, 1995). Dumas Affidavit ¶ 8.

Plaintiffs submit that the only "detriment" to HarperCollins from delay in the expert witness designation is that HarperCollins will not have the benefit of an ill-prepared expert designation and report. Continuance of the expert witness designation deadline is more efficient and better suited to the circumstances of this case because Defendant HarperCollins will receive expert reports that reflect the evidence in this case. A provision of an expert report which does not have the benefit of the deposition testimony of the persons involved in the editorial process and the prepublication libel review, does not serve the purpose of the production deadline.

---

documents which it feels are genuinely relevant to the preparation of its defense. That effort was necessary because Brian Wilson's conservator has advised that a blanket unsealing of the conservatorship file would be vigorously opposed. Accordingly, Plaintiffs' counsel felt it was their good faith discovery obligation to provide a log with sufficient detail to allow HarperCollins to be in a position to make a sufficiently narrow motion to the Los Angeles Superior Court to obtain production. Dumas Affidavit, ¶¶ 5-6.

While Plaintiffs are appreciative of the efforts HarperCollins has made to produce most of their documents in December 1994, it bears noting that HarperCollins' burden of production was comparatively light. The editorial documents produced by HarperCollins had already been produced by it in an earlier libel action brought by Beach Boys member Mike Love. Thus, HarperCollins' burden consisted primarily of obtaining those previously produced documents from storage and shipping them out. HarperCollins produced its final box of documents on February 22, 1995. Dumas Affidavit ¶ 7.

While a delay in Plaintiffs' designation of experts and production of reports may require adjustment of the Initial Scheduling Order to allow HarperCollins an additional one month to move for summary judgment, that delay will not make the two phase discovery plan any more costly to HarperCollins.[2]

III. **CONCLUSION**

For all of the foregoing reasons, Plaintiffs ask the Court to deny Defendant's Motion, and grant Plaintiffs' Motion to extend the time to designate experts, so that the expert designation date will be tailored to the circumstances of the case.

Respectfully submitted,

**Attorneys for Plaintiffs,
Carl Wilson and Audree Wilson:**

THE ROMERO LAW FIRM

By: _____
Ernesto J. Romero
3602 Campus N.E.
Albuquerque, New Mexico 87106
Telephone: (505) 262-2131

---

[2] The two phase discovery plan was requested by Defendant HarperCollins to save it the cost of proceeding with discovery on the issue of truth. Defendant HarperCollins asked that discovery initially be tailored to the issue of whether Defendant satisfied the requisite standard of care, because Defendant wishes to move for summary judgment on that issue.

v:\wil3\010\opp2mot.p&a

CERTIFICATE OF SERVICE

I certify I caused a true copy of the foregoing pleading to be hand delivered to opposing counsel, William S. Dickson, Esq., and mailed to Defendant, care of Mr. Dickson's co-counsel, Bruce Rich, Esq., Weil, Gotshal & Manges, 767 Fifth Avenue, New York, New York 10153. This ___ day of March, 1995, with first class postage affixed.

_____
Ernesto Romero