UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
95 OCT -6 PM 3:50

| | |
|---|---|
| CARL WILSON, an individual, and AUDREE WILSON, an individual, | ) ) ) |
| Plaintiffs, | ) 94 Civ. 892 (JC) ) |
| v. | ) **ANSWER TO SECOND** ) **AMENDED COMPLAINT** |
| HARPERCOLLINS PUBLISHERS INC., a Delaware corporation, and EUGENE LANDY, an individual, | ) **FOR LIBEL** ) ) ) |
| Defendants. | ) ) |

Defendant HarperCollins Publishers Inc. ("HarperCollins"), for its answer to the Second Amended Complaint ("Complaint") of Carl Wilson and Audree Wilson in the above-entitled action, states and alleges as follows:

Except as expressly admitted below, HarperCollins denies each and every allegation of the Complaint.

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits that it is incorporated under the laws of the State of Delaware and maintains its principal place of business in New York City.

4. Denies the allegations in paragraph 4.

5. Admits that the Court properly may exercise subject matter jurisdiction over this action.

6. Admits that venue is proper.

7. Admits that it published, printed and disseminated a book entitled <u>Wouldn't It Be Nice</u> written by Brian Wilson and Todd Gold (the "Book"), avers that a de minimis number of copies of the Book were sold in New Mexico, and otherwise denies the remaining allegations in paragraph 7.

8. Denies the allegations in paragraph 8.

9. Repeats and reasserts its answers to paragraphs 1 through 8.

10. Admits that the quotations in paragraph 10 are from the Book, but denies that these quotations are false and defamatory and otherwise denies the remaining allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. Admits that it caused the Book to be distributed in the United States, avers that a de minimis number of copies were sold in New Mexico, and otherwise denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Repeats and reasserts its answers to paragraphs 1 through 8.

19. Admits that the quotations in paragraph 19 are from the Book, but denies that these quotations are false and defamatory and otherwise denies the remaining allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23.

24. Admits that it caused the Book to be distributed in the United States, avers that a de minimis number of copies were sold in New Mexico, and otherwise denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Repeats and reasserts its answers to paragraphs 1 through 8 and 19 through 27. Further, HarperCollins believes that the Third Claim For Relief, paragraphs 28 through 38 of the Second Amended Complaint was dismissed on July 14, 1994 with leave to amend within ten days. The Second Amended Complaint was not filed until August 14, 1994 -- twenty-one days beyond the Court imposed deadline.

29. Admits that Carl is a member of the musical group known as the Beach Boys and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Denies the allegations in paragraph 30 and notes that the Beach Boys, through Brother Records, Inc. and Brother Tours, Inc., are making substantially the same allegations in connection with the same alleged injury to the Beach Boys in a separate action filed against HarperCollins in state court in Hillsborough County, New Hampshire.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Admits that it caused the Book to be distributed in the United States, avers that a de minimis number of copies were sold in New Mexico, and otherwise denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36 and notes that Carl and the Beach Boys are seeking duplicative relief for substantially the same alleged injury in the state court action filed in Hillsborough County, New Hampshire.

37. Denies the allegations in paragraph 37 and notes that Carl and the Beach Boys are seeking duplicative relief for substantially the same alleged injury in the state court action filed in Hillsborough County, New Hampshire.

38. Denies the allegations in paragraph 38 and notes that Carl and the Beach Boys are seeking duplicative relief for substantially the same alleged injury in the state court action filed in Hillsborough County, New Hampshire.

## AFFIRMATIVE DEFENSES

39. The plaintiffs' Complaint is barred by the applicable statute of limitations.

40. The Complaint fails to state a claim upon which relief can be granted.

41. The challenged passages are privileged under the common law and the First Amendment to the United States Constitution.

42. Plaintiffs' damages, if any, are the proximate result of fault on the part of the plaintiffs or other persons for or to whom defendants are neither responsible nor liable and any such damages should be apportioned according to principles of comparative fault and several liability.

WHEREFORE, HarperCollins prays for judgment dismissing the Complaint in its entirety and for the award of its costs and expenses, and such other relief as the Court deems just and appropriate.

William S. Dixon
RODEY, DICKASON, SLOAN,
 AKIN & ROBB, PA.
201 Third Street NW, Suite 2200
Albuquerque, New Mexico 87103
(505) 768-7266

-and-

R. Bruce Rich
Katherine J. Daniels
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, New York  10153
(212) 310-8000

Attorneys for Defendant
HarperCollins Publishers, Inc.

We hereby certify that a copy
of the foregoing was mailed to
to Ernesto Romero and Beth Dumas
this _6th_ day of October, 1995,
at the following addresses:

    Ernesto J. Romero
    3602 Campus Blvd., NE
    Albuquerque, NM  87106

    Beth Dumas
    Langberg, Cohn & Drooz
    12100 Wilshire Boulevard, Suite 1650
    Los Angeles, CA  90025

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _William S. Dixon_
William S. Dixon