UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

---

CARL WILSON, an individual, and )
AUDREE WILSON, an individual, )
                                  )
            Plaintiffs, )
                                  )
            v. )          94 Civ. 892 (JC)
                                  )
HARPERCOLLINS PUBLISHERS INC., )
a Delaware corporation, )
                                  )
            Defendant. )

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
95 OCT 19 PM 3:54

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

**INTRODUCTION**

In this libel action, defendant HarperCollins Publishers Inc. ("HarperCollins") has moved for summary judgment on the ground that HarperCollins did not publish WOULDN'T IT BE NICE -- MY OWN STORY ("the book") with any degree of fault. Summary judgment briefing is complete and oral argument is awaited.

Plaintiffs' evidentiary proffer in opposition to HarperCollins' motion for summary judgment consists primarily of "fact" declarations from their own counsel of record, Barry Langberg, and his partner Deborah Drooz. Mr. Langberg's and Ms. Drooz's dual role playing -- serving simultaneously as plaintiffs' key factual witnesses and plaintiffs' counsel -- is ethically barred by the New Mexico

Rules of Professional Conduct, as explained <u>infra</u>. Accordingly, HarperCollins hereby moves for disqualification of Mr. Langberg and Ms. Drooz from serving as plaintiffs' counsel in this case. However, because the declarations that Mr. Langberg and Ms. Drooz have submitted are not admissible under the Federal Rules of Evidence for the reasons set forth in HarperCollins' summary judgment reply brief, and thus ought not to be considered for purposes of summary judgment (<u>see</u> Fed. R. Civ. P. 56(e)), HarperCollins does not press disqualification of Mr. Langberg and Ms. Drooz prior to disposition of the summary judgment motion.

**ARGUMENT**

**DISQUALIFICATION OF PLAINTIFFS' COUNSEL IS MANDATED SHOULD THIS CASE PROCEED BEYOND SUMMARY JUDGMENT**

A. **The New Mexico Rules of Professional Conduct Preclude An Attorney From Serving Both As Fact Witness and As Advocate**

The ethical mandate barring an attorney from serving both as advocate and witness derives from the inherent conflict of interest implicated by such dual role playing and the fundamental risk of prejudice to the represented and to the opposing parties. The attorney-witness rule thus operates to "prevent situations in which others might think the lawyer, as witness, is distorting the truth for his client or is enhancing his own credibility as advocate by

2

virtue of having taken an oath as witness." <u>In re American Cable Pubs., Inc.</u>, 768 F.2d 1194, 1196 (10th Cir. 1985).

An attorney who serves both as advocate and witness prejudices both his own client and the opposing party:

> If a lawyer is both counsel and witness, the lawyer becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his or her own credibility.

<u>World Youth Day</u> v. <u>Famous Artists Merchandising Exch.</u>, 866 F. Supp. 1297, 1301 (D. Colo. 1994). Thus, because the attorney-witness rule aims to avoid both actual professional misconduct, as well as the appearance of impropriety, any doubt as to its application should be resolved in favor of disqualification. <u>See</u> <u>Sherwood Group, Inc.</u> v. <u>Rittereiser</u>, Civ. No. 90-2414, 1991 U.S. Dist. LEXIS 7147 *5 (D.N.J. 1991).

The New Mexico Rules of Professional Conduct -- made applicable to this proceeding by the local rules of the District of New Mexico (<u>see</u> <u>In re Doe</u>, 801 F. Supp. 478, 485 (D.N.M. 1992) (citing D.N.M LR-DV 83.9)) -- similarly mandate that an attorney cannot ethically serve both as advocate and witness. Thus, Rule 16-307(A), which is based on ABA Model Rule of Professional Conduct 3.7, provides that

"[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; or (2) the testimony relates to the nature and value of legal services rendered in the case."[1]

The official commentary on Rule 16-307 tracks that of the Model Rule and makes clear that the opposing party has standing to seek disqualification of opposing counsel based on his or her role as witness:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

N.M.R. Prof. Conduct 16-307 cmt. (citing ABA cmt. on Model Rule 3.7).

---

[1] Neither of the two exceptions to Rule 16-307(A) is applicable here. As to the first, the subject matter of Mr. Langberg's and Ms. Drooz's proposed testimony -- far from "relat[ing] to an uncontested issue" -- is the very basis of their claim. The second exception is clearly inapplicable, as the proffered testimony is in no way related to the rendering of legal services.

B.  **Mr. Langberg And Ms. Drooz Are Likely To Be Necessary Witnesses Should This Case Proceed Beyond Summary Judgment**

A lawyer is a "necessary" witness within the meaning of Rule 16-307(A) if it is "likely" that he or she will testify in the party's case. The rule "does not require certainty as to a lawyer's testimony; the plain language [of the Rule] requires only 'likelihood.'" Freeman v. Vicchiarelli, 827 F. Supp. 300, 302-03 (D.N.J. 1993) (applying Model Rule 3.7). See also Sherwood, Civ. No. 90-2414, 1991 U.S. Dist. LEXIS 7147 *5 (counsel disqualified under Model Rule 3.7 in view of "possibility" that he would have to testify). "Even when there is question as to the materiality of the lawyer's testimony to the client's case, 'doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.'" Freeman, 827 F. Supp. at 306 (quotation omitted).

To date, the only fact witnesses that plaintiffs have affirmatively put forward are Mr. Langberg and Ms. Drooz. As such, it is obvious, from the plaintiffs' own perspective, that Mr. Langberg and Ms. Drooz are "necessary witnesses." See Freeman, 827 F. Supp. at 301-03 (ordering disqualification of plaintiff's counsel whose testimony would be plaintiff's "primary" evidence of his claim); Mauze v. Curry, 861 S.W.2d 869, 869-70 (Tex. 1993) (trial judge

5

abused his discretion in refusing to order disqualification of attorney who responded to tort defendant's motion for summary judgment with his own affidavit expressing opinion on defendant's standard of care).

  C. **Disqualification of Plaintiffs' Counsel Must Be Complete As To All Trial and Pre-Trial Activity**

Once deemed a "necessary witness," disqualification of a party's counsel must be complete and must extend to all trial and trial-related activity, particularly the taking and defending of depositions. <u>Freeman</u>, 827 F. Supp. at 302. As one court explained in barring an attorney-witness from taking depositions:

> In framing questions during depositions, it is all but impossible for the questioner not to inject his or her own knowledge and assumptions into the questions. Where the questioner personally knows many details and facts about a case . . . there is the danger that deposition questions will become testimony.

<u>Massachusetts School of Law</u> v. <u>American Bar Ass'n</u>, 872 F. Supp. 1346, 1380-81 (E.D. Pa. 1994). Entering a similar order, another court within the Tenth Circuit observed:

> Realistically, the testimony from oral depositions in th[e] case cannot easily be taken and read into evidence without revealing [the attorney-witness's] identity as the deposing attorney. Indeed, [the attorney-witness] himself probably will be deposed. Moreover, it is naive to believe that depositions are divorced from trial advocacy. Depositions are routinely utilized at trial for impeachment, and to present testimony in lieu of live testimony when the witness is unavailable. The skill of deposing counsel on direct and cross-

6

> examination is necessarily woven into the fabric of the trial itself. . . . I conclude that [the opposing party] could suffer prejudice and the trial [could be] tainted by jury confusion if [the attorney-witness] is allowed to take or defend depositions in this case.

World Youth, 866 F. Supp. at 1304.

Thus, "as necessary witnesses," Mr. Langberg and Ms. Drooz are ethically barred from serving as plaintiffs' counsel for any and all purposes should this case proceed beyond the summary judgment stage.

## CONCLUSION

For the foregoing reasons, Mr. Langberg and Ms. Drooz should be disqualified from serving in any capacity as plaintiffs' counsel in the event that this case advances beyond summary judgment.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _K. Purcell_
William S. Dixon
Charles K. Purcell
Post Office Box 1888
Albuquerque, New Mexico  87103
Telephone: (505) 765-5900

R. Bruce Rich
Katherine J. Daniels
Elizabeth Stotland Weiswasser
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

Attorneys for Defendant,
HarperCollins Publishers Inc.

We hereby certify that a copy of
the foregoing was hand-delivered
to Ernesto Romero and forwarded
via overnight service to Beth Dumas
this 19th day of October, 1995,
at the following addresses:

>   Ernesto J. Romero
>   3602 Campus Boulevard, NE
>   Albuquerque, New Mexico 87106

>   Beth Dumas
>   Langberg, Cohn & Drooz
>   12100 Wilshire Boulevard
>   Suite 1650
>   Los Angeles, California 90025

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____K. Purcell_____
   for  William S. Dixon