FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

95 NOV 13 PM 1:52

CLERK-ALBUQUERQUE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL WILSON, an individual, )
and AUDREE WILSON, an )   Case No. CIV 94 892 JC
individual, )
 )
    Plaintiffs, )
 )
    v. )
 )
HARPERCOLLINS PUBLISHERS, )
INC., a Delaware corporation, )
 )
    Defendant. )

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS' OPPOSITION
TO MOTION FOR DISQUALIFICATION**

v:\wil3\010\opp2disq

# TABLE OF CONTENTS

Page

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . 1

II. DEFENDANT HAS NOT CARRIED THE BURDEN TO ESTABLISH THE APPROPRIATENESS OF DISQUALIFICATIONS UNDER THE STANDARDS OF NEW MEXICO RULES OF PROFESSIONAL CONDUCT RULE 16-307. . . . . . . . . . . . . . . . . . . . . . . 2

    A. The Burden To Establish The Appropriateness Of Disqualification. . . . . . . . . . . . . . . . 2

    B. Defendant's Motion Is Irrelevant To This Summary Judgment Proceeding.. . . . . . . . . . . . 3

III. MR. LANGBERG CANNOT BE DISQUALIFIED BECAUSE HE IS NOT A "NECESSARY" WITNESS. . . . . . . . . . . . . . . . 6

IV. LANGBERG CANNOT BE DISQUALIFIED BECAUSE HIS TESTIMONY RELATES TO AN ESSENTIALLY UNCONTESTED MATTER. . . . . . . . . . . . . . . . . . . . . . . . . . 11

V. ASSOCIATE DEBBIE DROOZ IS NOT PRECLUDED BY THE NEW MEXICO RULES OF PROFESSIONAL CONDUCT. . . . . . . . 13

VI. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page**

**FEDERAL CASES**

Caplan v. Fellheimer,
    876 F. Supp. 710 (E.D. Penn. 1995) . . . . . . . . . . . 4, 8

Federal Deposit Insurance Corporation v. United States
    Fire Insurance Co., 50 F.3d 1304 (5th Cir. 1995) . . . . 13

Gaull v. Wyeth Laboratories, Inc.,
    687 F. Supp. 77 (S.D.N.Y. 1988) . . . . . . . . . . . . 2, 9

Greenebaum-Mountain Mortgage Co. v. Pioneer Nat. Title
Ins. Co.,
    421 F. Supp. 1348 (D.C. Colo. 1976) . . . . . . . . . . . 13

Household Commercial Financial Services, Inc. v. Julius
Trump, et al.,
    1995 U.S. Dist. LEXIS 6921 (1995) . . . . . . . . . . . 3, 9

Lumbard v. Maglia, Inc.,
    621 F. Supp. 1529 (S.D.N.Y. 1985) . . . . . . . . . . . . 13

Michael Kubin v. Larry M. Miller v. Corinthian Media,
Inc., et al.,
    801 F. Supp. 1101 (S.D.N.Y. 1992) . . . . . . . . . . . . 9

Pittman v. Currie,
    414 F.2d 423 (Miss. 1982) . . . . . . . . . . . . . . . . 9

Power Up v. Power Up U.S.A., Inc. 1994 U.S. Dist. Lexis
    11918 (E.D. La. 1994) . . . . . . . . . . . . . . . . . . 5

Relo Insurance Group, Inc. v. Salisbury, 1994 U.S. Dist.
    Lexis 6309 (N.D. Ill. 1994) . . . . . . . . . . . . . . 3, 8

United States v. Auxiliary to the Knights of St. Peter
    Claver, 1990 U.S. Dist. Lexis 7882 (S.D. of Ind.
    1992) . . . . . . . . . . . . . . . . . . . . . . . . . 13

World Youth Day, Inc. v. Famous Artists Merchandising
Exchange, Inc.,
    866 F. Supp. 1297 (D. Colo. 1994) . . . . . . . . . 6, 7, 9

**STATE CASES**

<u>Arkansas Blue Cross and Blue Shield, Inc. v. Doe</u>,
    733 S.W.2d 429 . . . . . . . . . . . . . . . . . . . 12

    "S.W.2d" was originally improperly spelled or
    punctuated.


<u>Haack v. Great Atlantic & Pacific Tea Co.</u>,
    603 S.W.2d 645 (Mo. App. 1980) . . . . . . . . . . . . 13


**STATUTES**

<u>NEW MEXICO RULES OF PROFESSIONAL CONDUCT RULE 16-307</u> . . . . 2

I.   **INTRODUCTION**

In their attempt to disqualify Plaintiffs' counsel, Defendant distorts the New Mexico Rules of Professional Conduct. Obviously, the primary purpose of Defendant in bringing its motion for disqualification is not to prevent juror confusion but to disrupt the orderly conduct of this litigation.

In fact, Defendant's motion is moot since, concurrently with the filing of this memorandum, counsel for Plaintiffs has notified counsel for Defendant that Barry B. Langberg will not testify at the trial of this matter. Since the facts set forth in the declaration of Mr. Langberg filed in opposition to Defendant's summary judgment motion are readily available from other witnesses not affiliated with Mr. Langberg's firm, Mr. Langberg will not testify at trial. Consequently, Plaintiffs would expect counsel for Defendant to withdraw the motion to disqualify. However, in the event that Defendant persists with their motion, this Court should deny that motion since it is without merit.

In complete disregard of the substance of the Langberg and Drooz declarations, Defendant argues that these individuals are ethically barred from serving as Plaintiffs' advocates because they are likely to be "necessary witnesses" who offer testimony regarding "contested matters."

As will be demonstrated herein, Langberg is not a "necessary witness" within the meaning of the Rules of Professional Conduct. The matters averred to in the Langberg declaration can be adduced at trial through the testimony of a third party who is not

associated with the case and not a member of Langberg's firm. This individual is not only available to testify at trial but is prepared -- here and now -- to provide a declaration which will contain the same facts as those set forth in the Langberg declaration.

Moreover, the substance of Langberg's declaration relates to matters that have not been, and cannot be, "contested" by Defendant. Langberg simply identifies the types of evidence that he was prepared to make available to HarperCollins prior to publication. Neither the existence of this evidence -- much of which is currently in Defendant's possession -- nor Langberg's intention to deliver it to HarperCollins can be "contested."

As will be further demonstrated, Ms. Drooz is not subject to disqualification since she is not actively involved in the litigation, has never appeared before this Court and will not represent Plaintiffs at trial.

II. **DEFENDANT HAVE NOT CARRIED THE BURDEN TO ESTABLISH THE APPROPRIATENESS OF DISQUALIFICATIONS UNDER THE STANDARDS OF NEW MEXICO RULES OF PROFESSIONAL CONDUCT RULE 16-307.**

    A.    **The Burden To Establish The Appropriateness Of Disqualification.**

"The Court should be reluctant to disqualify attorneys absent a showing of a 'taint' to the underlying trial, because disqualification denies the client his choice of counsel, results in delay, adds to litigation costs, and is often interposed for tactical reasons. (citations omitted)" Gaull v. Wyeth

Laboratories, Inc., 687 F. Supp. 77, 80 (S.D.N.Y. 1988). This point was emphasized in Household Commercial Financial Services, Inc. v. Trump, 1995 U.S. Dist. Lexis 6921 (N.D. Ill. 1995):

> "Although counsel should avoid appearing both as an advocate and as a witness, motions to disqualify should be viewed with extreme caution because it is a drastic measure which courts should hesitate to impose except when absolutely necessary. (citations omitted)
>
> * * *
>
> If alternative evidence is available, defense counsel certainly should not gain the tactical advantage of disqualification of plaintiff's counsel."

In the face of the foregoing considerations, Defendant has not satisfied their burden of proof with respect to this disqualification motion.

B. **Defendant's Motion Is Irrelevant To This Summary Judgment Proceeding.**

Considering the reasons for Rule 3.7, Defendant's motion is essentially irrelevant to this summary judgment proceeding. The Court made the point in Relo Insurance Group, Inc. v. Salisbury, 1994 U.S. Dist. Lexis 6309 (N.D. Ill. 1994):

> "To determine whether to allow an attorney to appear as a witness and whether the situation requires that the testifying attorney

-3-

>withdraw as counsel, the court should examine the goals sought to be served by Rule 3.7.
>
>* * *
>
>In this case, most of these considerations have little weight when plaintiff's counsel submits an affidavit at the summary judgment stage of the litigation. The court is unlikely to be confused by the attorney's dual role as advocate and witness and will not erroneously grant testimony or weight to the attorney's arguments. Also, plaintiff counsel's credibility in the eyes of the court will not be enhanced by his role as counsel. (citations omitted)."

C.  **Rule 3.7 Applies Only To Representation At Time Of Trial.**

Defendant ignores the weight of authority that Rule 3.7 applies only to representation at the time of trial. Since, in the case at bar, Mr. Langberg will not testify at the time of trial, he will be able to continue to represent Plaintiffs in this action. As the court stated in <u>Caplan v. Fellheimer</u>, *supra*, page 711:

>". . . the language of the rule itself, as well as cases interpreting it, do not require a lawyer to be disqualified from representing a client even if Rule 3.7 is violated. The rule only prevents a lawyer who will be a

-4-

>witness from acting as an 'advocate at trial.'
>
>* * *
>
>Ewing will, at the very least, be permitted to continue to represent Caplan and participate in all pre-trial and post-trial matters. (citations omitted)"

This point was reaffirmed in <u>Power Up v. Power Up U.S.A., Inc.</u> 1994 U.S. Dist. Lexis 11918 (E.D. La. 1994):

>"The plain language of the rule itself discusses the 'advocate at trial' and does not mention other aspects of litigation. The overriding policy behind the rule is to avoid confusion and unseemliness at trial, therefore there is no reason why Mr. Redfearn, Jr. cannot participate in all other stages of this proceeding."

In the case at bar, the motion to disqualify is irrelevant to a summary judgment motion and all other stages of the proceeding. Mr. Langberg will not testify at trial, so the motion is also irrelevant with respect to the trial of this matter. Simply stated, Defendant's motion to disqualify should be denied in its entirety.

-5-

### III. MR. LANGBERG CANNOT BE DISQUALIFIED BECAUSE HE IS NOT A "NECESSARY" WITNESS.

The essential facts attested to in the Langberg declaration are also personally known to Jody R. Leslie, Esq., an attorney associated with Mr. Langberg at the time of the Brian Wilson Conservatorship proceedings but currently not associated with the Langberg firm. Ms. Leslie was, along with Mr. Langberg, primarily responsible for the conduct of the Brian Wilson conservatorship proceeding on behalf of the petitioners and was privy to the same information as Mr. Langberg (see Declaration of Barry B. Langberg filed concurrently herewith). She is in a position to testify as to these matters. In light of this fact, it is apparent that the substance of Langberg's testimony is "obtainable elsewhere."

New Mexico Rule of Professional Conduct 16-307(a) provides that, "A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be necessary witness. . . . " (Emphasis added.) It is well settled, however, that an attorney cannot be deemed a "necessary" witness unless the substance of his testimony is unobtainable elsewhere. As the court stated in World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc., 866 F. Supp. 1297, 1302 (D. Colo. 1994):

> "Rule 3.7's predecessor is found in the Code of Professional Responsibility DR5-102. Rule 3.7 is also the subject of a recent Colorado Bar Association Ethics Committee opinion (the opinion). [citations omitted] The opinion

suggests the applicable test for determining whether an attorney is 'likely to be a necessary' witness. It reads in relevant part:

> Before an advocate will be disqualified under Colorado Rule 3.7, it must be 'likely' that the lawyer will be a 'necessary' witness. . . . The 'necessary' witness standard is recognized as requiring 'an even more specific showing of necessity' than the code. [citation omitted] [Rule 3.7(a) requires a showing that the proposed testimony is relevant, material and unobtainable elsewhere]. It has been held that the advocate's testimony must be necessary, and not merely cumulative, and that the court may delay ruling on a motion to disqualify until we can determine whether another witness can testify."

The court in <u>World Youth Day, Inc.</u>, *supra*, emphasized that it is the movant that has the burden to establish the grounds for disqualification.

In this case, attorney Jody Leslie represented Plaintiffs in the Brian Wilson conservatorship proceeding. As Ms. Leslie can testify, the discovery conducted in that proceeding yielded the

-7-

documents and information which Langberg was prepared to make available to HarperCollins prior to publication. Because Ms. Leslie was personally involved in all facets of the conservatorship proceeding, she can testify to the fact that the documents and evidence relating to Brian Wilson's emotional stability -- the identification of which constitutes the lion's share of the Langberg declaration -- were in her possession and that of Langberg before HarperCollins published the defamatory book. She can also testify that Plaintiffs were prepared to provide that material to HarperCollins prior to publication. Simply stated, Ms. Leslie can provide essentially the same testimony as Mr. Langberg.

Because Ms. Leslie is completely competent to testify as to these matters, and in light of Defendant's objection to Langberg's testimony, Plaintiffs will, if desired by the Court, withdraw the Langberg declaration and submit in its place the declaration of Jody Leslie. An agreement by Plaintiffs that Mr. Langberg will not testify at trial eliminates the need for further consideration of this motion. Relo Insurance Group, Inc. v. Salisbury, 1994 U.S. Dist. Lexis 6309 (1994) ("in addition, plaintiff agrees not to call Reid as a witness to testify on behalf of RIG."); Caplan v. Fellheimer, 876 F. Supp. 710, 711 (E.D. Penn. 1995) ("this will also give Caplan the opportunity to make strategic decisions, such as whether to stipulate that Ewing will not testify, in order to guarantee that he can be your advocate at trial.")

Applicable case law supports the position that Langberg is not a necessary witness. In <u>Household Commercial Financial Services, Inc. v. Julius Trump, et al.</u>, 1995 U.S. Dist. LEXIS 6921 (1995), the court denied a motion for disqualification stating "if alternative evidence is available, defense counsel certainly should not gain the tactical advantage of disqualification of plaintiff's counsel." The Court found that the attorney in question was not a necessary party since other witnesses and certain documents could provide essentially identical information. *See also*, <u>Michael Kubin v. Larry M. Miller v. Corinthian Media, Inc., et al.</u>, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992); <u>World Youth Day, Inc.</u>, *supra*, at 1302 (granting motion to disqualify because the attorney was the "<u>only</u> individual . . . with knowledge of many relevant and material facts.") Along these lines, it has been held that when other evidence is offered on the same subject matter as that attested to by counsel, counsel's testimony will be considered cumulative. <u>Pittman v. Currie</u>, 414 F.2d 423 (Miss. 1982). When an attorney's testimony is merely cumulative, he is not a necessary witness. <u>World Youth Day, Inc.</u>, *supra*, at 1302.

The court, in <u>Gaull v. Wyeth Laboratories, Inc.</u>, 687 F. Supp. 77, 80 (S.D.N.Y. 1988) explained:

> "The court concludes that disqualification is inappropriate in the circumstances of this case, since Mr. Moran is not a necessary witness. The court now prohibits either party from calling him as a witness. The

>court finds that his testimony, where irrelevant to the issues involved in this case, would be merely cumulative to the written record of the interview with the Examiner which is part of the patent offices file, and to Dr. Gaull's testimony."

In the case at bar, Mr. Langberg's testimony is foundational to establishing the information that would have been provided to Defendant HarperCollins had inquiry been appropriately made following receipt of Mr. Langberg's letter. That foundational testimony, simply identifying what would have been provided does not require disqualification here. At trial, Ms. Leslie will testify as to what would have been available and provided to HarperCollins. As to the substantive contents of that information, the documents will be introduced and the witnesses will be called to establish the truth of the matters. The statements in Mr. Langberg's declaration in opposition to Defendant's motion for summary judgment simply establish what would have been provided to HarperCollins and the content of that information. Mr. Langberg's declaration does not seek to establish the truth of that content. Had HarperCollins conducted the appropriate investigation, HarperCollins would have established the truth of the content by interviewing the available witnesses. HarperCollins would have received a copy of Dr. O'Connor's report and, having evaluated it, would have undoubtedly sought to interview Dr. O'Connor and Carl Wilson. Based on the foregoing, at trial, Ms. Leslie will be called as a

witness to establish what would have been provided to HarperCollins and Dr. O'Connor and Carl Wilson will be called to establish the facts of the matters contained therein.

Because Ms. Leslie will be able to testify regarding the substance of the Langberg declaration and can at this time provide a declaration that is essentially identical thereto, and because Langberg's letter to HarperCollins itself will be evidence, Langberg's testimony is not necessary.

IV. **LANGBERG CANNOT BE DISQUALIFIED BECAUSE HIS TESTIMONY RELATES TO AN ESSENTIALLY UNCONTESTED MATTER.**

New Mexico Rule of Professional Conduct 16-307(a)(1) provides that even when a lawyer is considered a necessary witness, he may nevertheless act as an advocate at trial if his "testimony relates to an uncontested issue." Defendant has attempted to impose an erroneous and overbroad interpretation on this language. In footnote 1 on page 4, Defendant alleges, without support, that the subject matter of Mr. Langberg's and Ms. Drooz's proposed testimony ". . . is the very basis of their claim." In essence, Defendant is taking the position that the phrase "uncontested issue" means the ultimate legal issue -- here, the issue of malice. However, reference to applicable case law quickly dispenses with this strained interpretation.

It is clear that Defendant does not contest the fact that it received Mr. Langberg's August 8, 1991 letter (see Defendant's Reply Memorandum of Law in Support of Defendant's Motion for

Summary Judgment, p. 15)[1] Further, Defendan does not deny that Dr. O'Connor conducted a psychological evaluation of Brian Wilson and prepared a report. (Defendant's Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment, p. 13). Further, Defendant nowhere contests that had it responded to Mr. Langberg's letter Carl Wilson and Audree Wilson would have been made available for interview. The lack of contested matter in Mr. Langberg's declaration negates the validity of Defendant's motion to disqualify. The relevance of Mr. Langberg's declaration is to show an element of HarperCollins' purposeful avoidance of truth. It is uncontested that Mr. Langberg's letter was received by HarperCollins, that Dr. O'Connor's evaluation was whatever it was, and that Carl and Audree Wilson would have been available for interview. HarperCollins' state of mind is at issue here and the fact that it was informed of the availability of the information set forth in Mr. Langberg's declaration is a relevant issue and those facts are uncontested. As the court stated in <u>Arkansas Blue Cross and Blue Shield, Inc. v. Doe</u>, 733 S.W. 2d 429, 434:

> "None of his testimony related to an issue in controversy nor conflicted with the testimony of any other witness. . . . The symptoms that the father described were not in issue. The material issue in the case was not what her symptoms were, but the conclusions to be

---

[1] Even if, as Defendants contend, the letter "scarcely constitutes a water pistol," Defendants do not deny that they were squirted.

reached from that agreed upon medical history.

The commentary to Rule 3.7 . . . recognizes, however, that if the testimony is uncontested, the ambiguities resulting from the dual role become purely theoretical."

In <u>United States v. Auxiliary to the Knights of St. Peter Claver</u>, 1990 U.S. Dist. Lexis 7882 (S.D. of Ind. 1992) the court stated:

"The bulk of his declaration was apparently intended as foundation for the IRS agent's report, and (as shown by the defendant's response to the plaintiff's motion for partial summary judgment), the statements are largely uncontested."

The court in <u>Knights of St. Peter</u> ruled that Rule 3.7 did not necessitate the disqualification of counsel.

V.  **ASSOCIATE DEBBIE DROOZ IS NOT PRECLUDED BY THE NEW MEXICO RULES OF PROFESSIONAL CONDUCT.**

Rule 16-307(B) states that "a lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 16-107 or 16-109." Debbie Drooz, an associate of Mr. Langberg, is merely "another lawyer in [Mr. Langberg's] firm." Ms. Drooz is not precluded by the rule from testifying at the time of trial, if necessary. <u>Greenebaum-Mountain Mortgage Co. v. Pioneer</u>

-13-

Nat. Title Ins. Co., 421 F. Supp. 1348 (D.C. Colo. 1976); <u>Lumbard v. Maglia, Inc.</u>, 621 F. Supp. 1529 (S.D.N.Y. 1985); <u>Federal Deposit Insurance Corporation v. United States Fire Insurance Co.</u>, 50 F.3d 1304 (5th Cir. 1995); <u>Haack v. Great Atlantic & Pacific Tea Co.</u>, 603 S.W.2d 645 (Mo. App. 1980).

## VI. CONCLUSION.

In fact, Defendant's motion to disqualify counsel is moot. Barry B. Langberg will not testify at the time of trial and, according to the New Mexico Rules of Professional Conduct, Deborah Drooz is completely qualified to testify at trial, if necessary. Furthermore, Defendant's motion, in light of the facts of this case as set forth above, does not meet the burden of requiring disqualification of counsel. Therefore, Defendant's motion should be denied.

DATED: November 13, 1995

Respectfully submitted,

LANGBERG, COHN & DROOZ
Barry B. Langberg
Beth F. Dumas

- and -

THE ROMERO LAW FIRM

By: _Ernest J. Romero by John H. Bundy_
Ernesto J. Romero
3602 Campus N.E.
Albuquerque, New Mexico 87106
Telephone: (505) 262-2131

**Attorneys for Plaintiffs,
Carl Wilson and Audree Wilson**

-14-

v:\wil3\010\opp2disq

## CERTIFICATE OF SERVICE

I certify I caused a true copy of the foregoing pleading to be hand delivered to opposing local counsel, William S. Dixon, Esq. on this 13th day of November, 1995, and to be sent via Federal Express to Mr. Dixon's co-counsel, R. Bruce Rich, Esq., Weil, Gotshal & Manges, 767 Fifth Avenue, New York, New York 10153, on the 11th day of November, 1995.

_____
Ernesto J. Romero   by John Mouchy

-15-

v:\wil3\010\opp2disq