UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



CARL WILSON, an individual, and
Andree WILSON, an individual,

   Plaintiffs,

vs.            CIV 94-892 JC/LFG

HARPERCOLLINS PUBLISHERS
INC., a Delaware corporation,

   Defendant.

## MEMORANDUM OPINION

THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment, filed August 15, 1995. The Court has reviewed the motion, the memoranda submitted by the parties, and heard oral argument. The Court finds that the motion is not well taken and will be denied.

### BACKGROUND

In 1991, HarperCollins published the autobiography of Brian Wilson, <u>Wouldn't It Be Nice</u>. The Plaintiffs filed this libel action against the publishing company, HarperCollins alleging that HarperCollins negligently printed libelous statements about Audree Wilson, Brian's mother. Plaintiffs further allege that HarperCollins acted with actual malice (also know as constitutional malice) in printing libelous statements about Carl Wilson, Brian's brother. Plaintiffs are seeking both compensatory and punitive damages.



HarperCollins bases its Motion for Summary Judgment on alternative grounds. First, it alleges that both plaintiffs are public figures, and that there is absolutely no evidence of actual malice on their behalf. As to Audree Wilson, HarperCollins alternatively argues that she should be considered a "limited public figure" as to her familial relationship with The Beach Boys because of media interviews she gave concerning that topic. It should be noted that Plaintiffs concede that Carl Wilson is a public figure; however, they challenge the claim as to Audree Wilson.

Second, HarperCollins argues that should this Court decide that either one or both of the Plaintiffs are private figures, then New York's "gross irresponsibility" test should be the applicable standard for reviewing their actions. Conversely, Plaintiffs argue that California's negligence standard (also the standard in New Mexico) is the applicable standard in reviewing Defendant's actions because California is the "place of the wrong."

## ANALYSIS

### Carl Wilson

Since the parties agree that Carl Wilson is a public figure[1], the standard for determining libel on the part of HarperCollins is one of "actual malice." This is the highest standard available. In <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254, 279-280 (1964), the Supreme Court held that the First and Fourteenth Amendments prohibit a public official from recovering damages for a defamatory falsehood relating to his official conduct absent proof that the statement was made with "actual malice." The Court held that a defamatory falsehood

---

[1] Carl Wilson is a member of The Beach Boys, and actively sought both media and public attention.

was published with "actual malice," when it was published with the "knowledge that it was false or with reckless disregard of whether it was false or not." Id. The Court further elaborated on this standard when it held that for there to be actual malice, "[t]here must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." St. Amant v. Thompson, 390 U.S. 727, 731 (1968). In 1967, the Court extended the "actual malice" standard to "public figures." Curtis Publishing Co. v. Butts, 388 U.S. 130, 167 (1967) (Warren, C.J., concurring in result).

A public figure liable Plaintiff must prove "actual malice" to recover on a defamation claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Marchiondo v. Brown, 98 N.M. 394, 401-402 (1982). To avoid summary judgment, Plaintiffs must demonstrate that a reasonable jury could find by clear and convincing evidence that HarperCollins published the statements with knowledge of their falsity or reckless disregard as to whether or not they were true. Anderson, 477 U.S. at 255-56. Determining whether HarperCollins recklessly disregarded the truth involves a two-step analysis. First, "reckless disregard" for the truth requires "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 688 (1989). Second, Plaintiffs' must present evidence that HarperCollins failed to act reasonably in dispelling their doubts. Masson v. New Yorker Magazine, Inc., 960 F.2d 896, 901 (9th Cir. 1992).

HarperCollins admits that Plaintiffs' attorney contacted them regarding the authenticity and accuracy of Mr. Wilson's forthcoming autobiography. Specifically, HarperCollins was warned that Mr. Wilson was being influenced by Dr. Landy, and that Dr. Landy was possibly

3

writing part of the book himself. Moreover, Plaintiffs' offered to provide HarperCollins with public documents of the pending conservatorship proceeding regarding Brian Wilson. In affidavits submitted by HarperCollins, they assert that they did all that was possible to insure that Mr. Wilson was actually authoring the book himself, and the veracity of its contents. This included numerous discussions with Mr. Wilson's co-author, Todd Gold, independent sources of events portrayed by Mr. Wilson, having an independent legal review of the book, and meeting with Mr. Wilson in person.

Plaintiffs counter by arguing that HarperCollins purposefully avoided the truth and failed to act reasonably in dispelling doubts about the autobiography. In essence, Plaintiffs claim that HarperCollins made a deliberate decision not to acquire knowledge of facts that would confirm the doubts they possessed. Plaintiffs cite numerous internal memoranda by HarperCollins to prove their claim that HarperCollins had serious doubts as to the veracity of the book. Specifically, Plaintiffs point to an editorial memo from Jim Hornfischer to Tom Miller dated March 18, 1991 that questions "how much [Wilson] actually remembers himself and how much he relies on Dr. Landy to fill in the blanks." Plaintiffs' Exhibit F. Further, Plaintiffs, via their attorneys, informed HarperCollins that while the autobiography was being written, they were in the middle of a conservatorship proceeding over Brian Wilson claiming that Dr. Landy was exercising an undue influence over him. Deposition testimony provided by Plaintiffs shows that editors at HarperCollins do not recall seeing the conservatorship documents offered, or that attempts were made to get them.

This establishes a genuine issue of material fact. A reasonable jury could find that HarperCollins failed to adequately investigate the question of whether Dr. Landy was unduly

4

influencing Brian Wilson's autobiography, if not writing parts of it himself. Coupled with HarperCollins previous doubts, a reasonable jury could find that this inaction on the part of HarperCollins constitutes "actual malice." Therefore, HarperCollins Motion for Summary Judgment as to Carl Wilson shall be denied.

**Audree Wilson**

### 1. Public or Private Figure

As to Audree Wilson, the parties disagree as to whether she is a public or private figure. The question of whether an individual is a public or private person is one of law for the court to decide. Marchiondo v. Brown, 98 N.M. 394, 399 (1982). In Gertz v. Robert Welch, Inc., 418 U.S. 323, 344-347 (1974), the Supreme Court established the test for determining whether an individual is a "public figure." The Court found that "[t]hose who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention, are properly classed as public figures . . . ." Id. at 342. Gertz further recognizes that an individual who throws himself to the forefront of a particular issue or controversy may be a "public figure" for limited purposes. Id at 345.

HarperCollins maintains that Audree Wilson is a public figure, or in the alternative, a limited public figure for the purposes of this litigation. It bases this contention on three short references from separate articles where Audree Wilson discusses Brian's early family life. Additionally, HarperCollins cites two cases where relatives of a public figure were deemed public figures as well. The first case involved the children of the notorious Rosenbergs, while the second involved the wife of Johnny Carson, who admitted she was a public figure. HarperCollins cites a third case where a "close friend" of a public figure was deemed a public

figure. That case involved one of Liz Taylor's boyfriends who was, as the Court put it, "actively seeking media attention." These cases, however, are distinguishable from the present matter.

The articles presented by HarperCollins do not establish that Audree Wilson is a public figure or even a limited public figure. Three short references in larger articles hardly constitute seeking out the media or the "public's attention." Therefore, Audree Wilson shall be considered a private person.

2. Choice of Law

The parties dispute the legal standard to be applied in a libel action by a private person. HarperCollins, citing the First Restatement of Conflicts, argues that New York's "gross irresponsibility" test should apply because New York is the place of the wrong since the book was published in New York. Plaintiffs', however, contend that California's negligence standard should apply because California is the place of the wrong since that is where Audree Wilson was defamed.

The parties agree that New Mexico's choice of law rules apply in determining which state's substantive rules will govern. For tort cases, New Mexico follows the lex loci delicti (place of the wrong) doctrine. First National Bank in Albuquerque v. Benson, 89 N.M. 481 (Ct. App. 1976). The "place of the wrong" under this doctrine is "the location of the last act necessary to complete the injury." Wittkowski v. State, 103 N.M. 526, 528 (Ct. App.), cert. quashed, 103 N.M. 446, (1985), overruled on other grounds by Silva v. State, 106 N.M. 472, 477 (1987).

Since Audree Wilson is alleging she was defamed and suffered injury in California,

that is the place of the wrong. Therefore, California's negligence standard shall be applied. See Brown v. Kelly Broadcasting Co., 48 Cal. 3d 711, 771 P.2d 406 (1989). Even if the Court were to find that Audree Wilson's alleged defamation and injury occurred in New Mexico, the result would be the same since New Mexico has also adopted a negligence standard for liable of private persons. See Marchiondo v. Brown, 98 N.M. 394, 402 (1982).

### 3. The Negligence Standard

Since the negligence standard is applicable in reviewing HarperCollins' actions with regard to Audree Wilson, a genuine issue of material fact clearly exists. Given that Plaintiffs established a genuine issue of material fact as to Carl Wilson, based on the highest standard of "actual malice," it follows a fortiori that Audree Wilson has established a genuine issue of material fact. In other words, since Plaintiffs established that a genuine issue of material fact exists as to whether HarperCollins acted with "actual malice," the highest standard, it logically follows that a genuine issue of material fact exists as to whether HarperCollins acted negligently toward Audree Wilson.

An order in accordance with this opinion shall be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
    Ernesto J. Romero (local counsel)
    Beth Dumas
    Barry B. Langberg
    12100 Wilshire Blvd.
    Suite 1650
    Los Angeles, CA 90025

Counsel for Defendant:
    William S. Dixon (local counsel)
    R. Bruce Rich
    Katherine J. Daniels
    Elizabeth Stotland Weiswasser
    767 Fifth Avenue
    New York, NY 10153