FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 28 1996

CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL WILSON, an individual, and
AUDREE WILSON, an individual,

    Plaintiffs,

vs.                                         CIV 94-892 JC\LFG

HARPERCOLLINS PUBLISHERS
INC., a Delaware Corporation,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER came on for consideration of Defendant's Motion to Disqualify Plaintiffs' Counsel, filed October 19, 1995. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant law. The Court finds that the motion is not well taken and will be denied.

### BACKGROUND

Defendant HarperCollins brings this motion claiming that Plaintiffs' counsel is a necessary witness to the proceedings. Further, since the New Mexico Code of Professional Responsibility prohibits an attorney from simultaneously acting as an advocate and a witness in a trial, HarperCollins contends that Mr. Langberg and Ms. Drooz should be disqualified as counsel. Plaintiffs' respond by declaring that neither Mr. Langberg nor Ms. Drooz will testify at trial, thus making HarperCollins' motion moot. Moreover, Plaintiffs plan to introduce the

information averred to in Langberg's affidavit through the testimony of a former associate of his firm who worked on the conservatorship proceeding.

## ANALYSIS

A motion to disqualify opposing counsel is governed by two sources. The first is a district court's local rules. The District of New Mexico has adopted the New Mexico Code of Professional Conduct. D.N.M. LR-Civ. 83.9. Second, since a motion to disqualify counsel is a substantive one affecting the rights of the parties, the Court will decide the motion by applying standards developed under federal law. Cole v. Ruidoso Municipal Schools, 43 F.3d 1373, 1382 (10th Cir. 1994). Under those federal standards "motions to disqualify are governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." Id. The national standards to be considered are the American Bar Association (ABA) Model Rules of professional conduct. Id. at 1383. Given that the New Mexico Code of Professional Responsibility is patterned on the ABA Model Rules of Professional Conduct, See In Re Lichtenberg, 117 N.M. 325, 326 (1994), the two standards are identical.

The disqualification of an attorney is an action that "must not be imposed without careful consideration" because it deprives the client "of the right to be represented by the attorney of his or her choice." Federal Deposit Ins. Corp. v. United States Fire Ins. Co., 50 F.3d 1034, 1304, 1313 (5th Cir. 1995). Further, inflexible application of the professional rules is not appropriate because it could lead to the abrogation of the right of a party to the attorney of his or her choice. Id. at 1314. Finally, when an attorney disqualification inquiry is instigated by an opponent, it presents a "palpable risk of denying a party the counsel of his

2

choosing. Therefore, . . . [it] is a sanction that must not be imposed cavalierly. Id. at 1316.

The New Mexico Code of Professional Conduct, SCRA 1986, Section 16-307 (Repl. Pamp. 1995), states that

> [a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; or (2) the testimony relates to the nature and value of the legal services rendered in the case.

SCRA 1986, Section 16-307 (Repl. Pamp. 1995). Moreover, HarperCollins, citing Massachusetts School of Law v. American Bar Ass'n, 872 F. Supp. 1346, 1380-81 (E.D. Pa. 1994) argues that Plaintiffs' counsel must be disqualified as to all trial and pretrial activity. This, however, was not the ruling of that court. To the contrary, the Court in that case only precluded "the attorneys in question from acting as *trial* counsel." Id. at 1376 (emphasis in original). Additionally, a careful reading of the rule reveals that it is only applicable "at a trial."

Nonetheless, since Plaintiffs have notified this Court that neither Mr. Langberg nor Ms. Drooz will testify at trial, the question becomes whether they are necessary witnesses. An attorney "is a necessary witness if his or her testimony is relevant, material and unobtainable elsewhere." World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc., 866 F. Supp. 1297, 1302 (D. Colo. 1994). In the present matter, all the substantive information from Langberg's affidavit is obtainable from Jody R. Leslie. Ms. Leslie is a former associate of Langberg's who worked on the Brian Wilson conservatorship proceeding. As a result, she can testify about all the appropriate documents and their contents. Consequently, the relevant and material evidence necessary in this action is obtainable

elsewhere. Therefore, HarperCollins' Motion to Disqualify Plaintiffs' Counsel shall be denied.

An order in accordance with this opinion shall be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
    Ernesto J. Romero (local counsel)
    Beth Dumas
    Barry B. Langberg
    12100 Wilshire Blvd.
    Suite 1650
    Los Angeles, CA 90025

Counsel for Defendant:
    William S. Dixon (local counsel)
    R. Bruce Rich
    Katherine J. Daniels
    Elizabeth Stotland Weiswasser
    767 Fifth Avenue
    New York, New York 10153