IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL WILSON and AUDREE WILSON,

    Plaintiffs,

vs.                                          CIVIL NO. 94-892 JC/LFG

HARPERCOLLINS PUBLISHERS,
INC., a Delaware corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER AWARDING FEES AND COSTS

THIS MATTER is before the Court to determine appropriate attorney fees pursuant to the Court's order of September 24, 1996.

On September 24, 1996, the Court awarded Defendant its attorney fees for having brought its motion to compel discovery. Defendant misconstrued the scope of the Court's order and sought reimbursement for all time spent in discovery conferences and court hearings related to obtaining answers to its discovery. In the Court's October 4, 1996 letter to counsel, the Court clarified its intent, and, accordingly, Defendant submitted an amended application for fees seeking recompense of thirty-five hours for attorney Katherine Daniels at the rate of $280.00, and 11.2 hours charged by attorney William S. Dixon at the rate of $200.00 per hour.

Katherine Daniels is a six-year associate with Weil, Gotshal & Manges. All six-year associates at this law firm bill at the rate of $280.00 per hour, a rate that is within the norm charged by comparable New York law firms. That figure, however, is significantly out of line when compared to fees for comparable legal services charged in New Mexico. In Ramos v. Lamm, 713 F.2d 546 (10th Cir. 1983), the circuit addressed the issue of which fee rate should

apply. "Absent more unusual circumstances than we see in this case, the fee rates of the local area should be applied even when lawyers seeking fees are from another area." Id. at 555. Similarly, in a recent district court decision in Church on the Rock and Pastor Don Kimbrough v. City of Albuquerque, CIV 94-1101 (D.N.M., filed October 28, 1996), Chief Judge John E. Conway applied Ramos and awarded out-of-state counsel the rate charged by local counsel, even though out-of-state counsel's billing rate was $110.00 an hour more than local counsel's rate.

The same is true here. A $280.00 rate charged by Ms. Daniels is simply out of line for services charged by six-year associates in New Mexico. Rates for six-year associates in New Mexico's larger law firms range from $90.00 to $125.00 per hour. Given the fact that Ms. Daniels has experience as a litigator and works primarily in intellectual property matters, a difficult and often times complex area of the law, she may be compensated at a higher range for associate work. Accordingly, the Court will authorize attorney fees at the rate of $110.00 per hour for the time billed. In Church on the Rock and Pastor Don Kimbrough, the Chief Judge of the district awarded attorney John Robb, who was described by the court as "a highly respected attorney with the Rodey law firm," the hourly rate of $175.00. Mr. Robb, as Mr. Dixon, is an AV-rated attorney. Mr. Robb was admitted to the Bar in 1950; Mr. Dixon in 1968. Both are senior-level attorneys with the Rodey firm. The court determines that the same fee authorized for Mr. Robb, $175.00 per hour, is appropriately awarded to Mr. Dixon.

The Court notes that Plaintiffs do not object to Mr. Dixon's requested hourly rate of $200.00, but do object to the time spent. I prefer to approve all of the time spent by Mr. Dixon, 11.2 hours, but to reduce the hourly rate to that approved by Judge Conway.

The Court further reviewed the total number of hours expended. Ms. Daniels billed six

hours on August 19 for "draft motion reference discovery", another three hours on August 21 for "draft motion to compel", an additional nine hours on August 22 for "draft motion to compel and for sanction" and eight hours for "edit and serve motion to compel discovery." This time does not include the nine hours on September 4, 1996 devoted to preparing the reply. Additionally, Ms. Daniels' time does not include the hours billed by Mr. Dixon for the motion to compel. Thirty-five hours spent on a relatively straight-forward motion appears high. The Court will reduce that time by one-fourth and authorize 26.25 hours at a rate of $110.00, for a total of $2,887.50 awarded for Ms. Daniels' time. See EEOC v. Accurate Mechanical Contractors, 863 F.Supp. 828 (E.D. Wisc. 1984).

The Court will authorize the 11.2 hours of Mr. Dixon's time at the rate of $175.00 per hour, for a total of $1,960.00.

Defendant seeks costs of $320.30. Plaintiffs do not object. Therefore the Court will approve all costs.[1]

In addition to costs and fees, Defendant is awarded gross receipts tax to be calculated by Defendant.

Lorenzo F. Garcia
United States Magistrate Judge

---

[1] Defendant seeks reimbursement of duplicating costs of $250.80. While I'm hard-pressed to understand how duplicating costs for a motion to compel could be so outrageously high, in the absence of any objection, they are approved.