IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————————————————————— )
                                  )
CARL WILSON, an individual,       )        Case No. CIV 94 892 JC
and AUDREE WILSON, an             )
Individual,                       )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )
                                  )
HARPERCOLLINS PUBLISHERS,         )
INC., a Delaware corporation,     )
                                  )
            Defendant.            )
                                  )
———————————————————————— )


## PLAINTIFFS' RESPONSE TO HARPERCOLLINS' MOTION FOR PRECLUSION ORDER UNDER RULE 37(c)(1) FOR FAILURE TO COMPLY WITH RULE 26(a)(2) CONCERNING DISCLOSURE OF EXPERT REPORTS; DECLARATIONS OF BETH F. DUMAS, ESQ. AND JEANNE LOGE

133

## TABLE OF CONTENTS

                                                                    **Page**

1.   PRELIMINARY STATEMENT:  LIMITED SCOPE OF MOTION  . . . .    1

2.   FACTS  . . . . . . . . . . . . . . . . . . . . . . . .    1

3.   THE EXPERT REPORT OF MARILYN LASHNER, Ph.D . . . . . . .    2

4.   MARK KAPLAN'S EXPERT REPORT  . . . . . . . . . . . . . .    3

5.   EXPERT PRECLUSION IS TOO HARSH A SANCTION  . . . . . . .    4

6.   EXPERT BARRY FEY . . . . . . . . . . . . . . . . . . . .    6

**1.   PRELIMINARY STATEMENT:   LIMITED SCOPE OF MOTION**

The instant Motion is limited in scope.  Although
Defendant's Motion includes commentary to the effect that the
expert testimony of Marilyn A. Lashner, Ph.D is not a proper
subject of testimony, Defendant's counsel has confirmed
(following a conference with Magistrate Garcia) that this
challenge is not properly before the Court on the instant motion.
Plaintiffs disagree with Defendant's assertions regarding
admissibility, but Plaintiffs will wait to provide the Court with
arguments and authority until Defendant makes its motion on the
matter.  So that Plaintiffs are not prejudiced, Plaintiffs
respectfully ask the Court to ignore Defendant's comments
regarding the asserted inadmissibility of her testimony, which
appear to have been added for color.

This preliminary statement is being made with the knowledge
of Defendant's counsel (William Dixon), who has advised that
Defendant will in its reply brief confirm the limited nature of
the instant motion.

**2.   FACTS**

There is no dispute that on November 15, 1996 (the deadline
for Plaintiffs' expert designation) that Plaintiffs timely
designated experts Marilyn Lashner, Ph.D, Mark Kaplan, CPA, and
Barry Fey, and provided expert reports (or in the case of Mr.
Kaplan and Mr. Fey declarations encompassing the expert's
report).  The day before filing the instant motion, Defendant's
counsel advised that Defendant considered the disclosure of

expert reports to be deficient, and request was made for
supplementation. Immediately thereafter, Plaintiffs asked the
experts to supplement their reports. Supplementation of Dr.
Lashner's and Mr. Kaplan's reports have been made.

3.    **THE EXPERT REPORT OF MARILYN LASHNER, Ph.D**

With regard to Dr. Lashner, Defendant asserts that her
original report and coding manual did not identify with
sufficient specificity the passages Dr. Lashner examined for
context and theme. Plaintiffs cured this by obtaining from the
expert and serving on Defendant on November 26, 1996, Dr.
Lashner's working papers which identify all the particular
passages she reviewed for context and theme. Her accompanying
declaration also identified all the cases in which she gave
deposition or trial testimony in the past four years. This
submission on November 26, 1996 cured the asserted deficiencies.
(Dumas Decl., ¶ 2, attached hereto).

In addition, Dr. Lashner prepared an all-encompassing
affidavit, with a format that highlights the disclosure
requirements for expert disclosure under Rule 26(a)(2), for ease
of reference by all. Her new affidavit, lodged herewith and
served on Defendant on December 3, 1996 (Dumas Decl., ¶ 2,
attached), contains no new opinions, but reiterates her opinions
and the bases therefore from the original timely served report
and coding manual, which are attached as Exhibits to the
affidavit, along with her working papers, and other materials
(including her timesheets).

The other deficiency cited by Defendant concerns Dr. Lashner's prior publications. This information was already set forth in the curriculum vitae served with original report. Thus, all the difficiencies asserted by Defendant have been addressed.

## 4. MARK KAPLAN'S EXPERT REPORT

Plaintiffs have designated CPA Mark Kaplan to provide expert testimony on the subject of the decrease in the Beach Boys' touring revenue and merchandising revenue since publication of the Book. Mr. Kaplan's analysis is strictly an accounting analysis. Mr. Kaplan's opinion respecting the decrease in touring revenue is based on calculations of various averages that were set forth in his original declaration (which served as his report), which was timely served on November 15, 1996. Mr. Kaplan's original declaration also sets forth the per year decrease in touring revenue based on the calculations.

The deficiency asserted by Defendant is that the accounting records he relied on were not attached to his declaration. A supplemented declaration of Mr. Kaplan (lodged herewith and served on December 11, 1996) cures this by attaching the accounting records. Mr. Kaplan's supplemented declaration also provides a schedule summarizing the revenue figures reflected on those accounting records, and includes more explanation as to how the averages stated in his original declaration were calculated. Like Dr. Lashner's affidavit, Mr. Kaplan's supplemented declaration contains headings that highlight the requirements for expert disclosure in Rule 26(a)(2). Mr. Kaplan's supplemented

declaration also discloses the fact that he has not served as an expert in the past four years and he has not authored any publication in the last ten years.

The other subject on which Mr. Kaplan is being designated to provide expert testimony is the decrease in merchandising revenues since publication of the Book. When Mr. Kaplan submitted his original declaration his analysis respecting merchandising revenues was not at that time complete. Mr. Kaplan's supplemented declaration provides a schedule of merchandising revenues in pre-publication and post-publication years, and attaches the accounting records from which he derived the figures set forth on the schedule. Thus, the disclosure of Mr. Kaplan's expert testimony is now complete in all respects.

Defendant makes mention of the fact that it was disclosed that Mr. Kaplan will testify as both an expert and lay witness. This is because as the Beach Boys' current accountant, Mr. Kaplan has personal knowledge of accounting material and will undoubtedly be asked to provide lay witness testimony relating to the Beach Boys' accounting records and the revenues they have received in recent years.

## 5.    EXPERT PRECLUSION IS TOO HARSH A SANCTION

The Federal Rules contemplate that an expert's testimony will not be barred for insufficient diclosure unless there is a showing of prejudice to the opposing party, and consideration by the Court of the potential for curing the breach by the granting of a continuance. *See,* <u>Bonin v. Shadron Community Hospital, et</u>

al., 163 F.R.D. 565 (D.C. Nebr. 1995) (holding that sanction of preclusion for incomplete report was "too harsh"); Dunbar v. Ballymore Co., 1991 U.S. Dist. LEXIS 18579, at page *6 (N.D.N.Y. 1991), copy attached hereto (holding that exclusion is an unduly harsh sanction, where evidence sought to be excluded is critical to the case, and the plaintiffs have now fully complied). *See also,* 1st Source Bank v. First Resource Federal Credit Union, 167 F.R.D. 61, 66 (N.D. Ind. 1996) (suggests that opportunity for cure by supplementation be provided following meet and confer, in lieu of preclusion). *See also,* F.R.C.P. 26 subsec. (c)(1) (imposing duty to supplement incomplete or incorrect material aspects).

Here, Plaintiffs submit that any prejudice to Defendant with respect to the expert witness reports of Dr. Lashner and Mr. Kaplan have been cured by the supplemental disclosures, and by the fact that Defendant's expert witness disclosure deadline was continued from December 15, 1996 to January 6, 1997 by Magistrate Garcia.

In addition, Defendant's counsel has requested Plaintiffs' agreement to an extension of the discovery cut-off to April 18, 1997, in view of the substantial third party discovery that needs to be conducted and in view of the time consuming nature of Defendant's efforts to date in obtaining discovery from third parties. Plaintiffs have agreed to the continuance of the discovery cut-off requested by Defendant, and a Joint Proposal For Extension of Discovery Deadlines was filed on December 9,

1996.  While the request for the extension was occasioned by circumstances attendant to third party discovery, rather than expert witness matters, the continuance of the discovery cut-off also serves to remove any prejudice.

6.  **EXPERT BARRY FEY**

Mr. Fey is an expert on the subject of concert promotion. Plaintiffs are admittedly in an awkward situation with regard to Mr. Fey.

The asserted deficiency with Mr. Fey's report (which is contained in his declaration), is that it does not adequately specify the communications with disc jockeys and others in the music business which form the basis of his opinions.  Plaintiffs have requested supplementation of Mr. Fey's declaration, and discussions with Mr. Fey's office have disclosed that the basis for Mr. Fey's opinions are recollection of conversations he has had with the disk jockeys over the years, some of whose names he does not recall, and his regular practice of monitoring radio play to determine popularity, as part of ongoing market research for his concert promotion business (Dumas Decl., ¶ 4, attached). However, Plaintiffs have been unable to obtain a supplemental declaration from Mr. Fey to this effect, with more detail as to the conversations, despite making <u>repeated</u> requests.  (Dumas Decl., ¶ 4 and Logé Decl. ¶¶ 4-10, attached).  Both Mr. Fey's assistant (Molly Helbig) and his attorney (Michael Carrington, Esq.) have advised Plaintiffs that Mr. Fey has been unable to provide a supplemental declaration because of illness, but that

Mr. Fey should be able to do so in January.  (Dumas Decl., ¶ 4).
Accordingly, leave for additional time for Mr. Fey to provide a
supplemental declaration is requested.

In the alternative, Plaintiffs suggest that Defendant take
Mr. Fey's deposition.  Rule 26 does not preclude a party "from
using traditional discovery methods to obtain further
information...," Advisory Committee Notes to 1993 Amendments to
Rule 26, and it is likely that no matter how specific a report
Mr. Fey provides, Defendant will want to cross-examine Mr. Fey
before trial respecting his recollections of communications and
air play monitoring that form the bases for his opinions.

While the situation is not ideal, the Court is asked to
consider the harshness of the sanction of preclusion, and the
fact that while a party retains an expert, that expert is an
independent person.  Additionally, Mr. Fey is a working concert
promoter, not experienced in providing written expert reports.

To ameliorate the prejudice to Defendants, Plaintiffs offer
to pay reasonable costs associated with the taking of Mr. Fey's
deposition in Greenwood Village, Colorado, and to share in the
fee charged by Mr. Fey for providing deposition testimony
($250.00 per hour).  Defendant's counsel (Katherine Daniels) has
advised that Defendant intends to take other depositions in
Colorado, including that of Plaintiff Carl Wilson's wife Gina
Wilson.

Given that the deadline for expert witness disclosure has
passed, Plaintiffs feel that they must work with Mr. Fey in order

not to be severely prejudiced. In the alternative, Plaintiffs request leave to designate a substitute expert on concert promotion by January 15, 1997, and provide an expert report by that date.

DATED:   December 12, 1996            Respectfully submitted,

LANGBERG, COHN & DROOZ

By: _____
            Beth F. Dumas
12100 Wilshire Boulevard
Suite 1650
Los Angeles, California 90025
(310) 979-3200

            - and -

Ernesto J. Romero
THE ROMERO LAW FIRM
3602 Campus Boulevard, N.E.
Albuquerque, New Mexico 87106
(505) 262-2131

**Attorneys for Plaintiffs
CARL WILSON and AUDREE WILSON**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL WILSON, an individual, )
and AUDREE WILSON, an )
individual, )
                            )
       Plaintiffs, )
                            )
    v. )
                            )
HARPERCOLLINS PUBLISHERS, )
INC., a Delaware corporation, )
                            )
       Defendant. )

Case No. CIV 94 892 JC

## DECLARATION OF BETH F. DUMAS

I, Beth F. Dumas, declare as follows:

1.    This declaration is based on personal knowledge, except as otherwise stated, and if called as a witness I could and would competently testify to the facts stated herein.

2.    On November 25, 1996, Defendant was served with the working papers of expert Marilyn Lashner, Ph.D, and a listing of all the cases in which she provided expert deposition or trial testimony in the past four years. (Cover letter to Defendant's counsel is attached.) The service of these materials cured the deficiencies asserted by Defendant. Thereafter a supplemented (and reformatted) affidavit of Dr. Lashner was served, with headings that conform to the requirements of the Rule 26(a)(2), to ensure against procedural attack, and for ease of reference

wil3\010\dumas4.dec

for the Court and opposing counsel. The text of the affidavit does <u>not</u> contain any new opinions, but summarizes the opinions stated in her original report, and attaches as exhibits her original report, coding manual, working papers and other potentially relevant materials (such as her timesheets). This affidavit (which Plaintiffs now lodge with the Court) was served on Defendant on December 3, 1996 via Federal Express.

3.    The supplemented declaration of Mark Kaplan (which Plaintiffs now lodge with the Court) was served on Defendant on December 11, 1996 via Federal Express.

4.    I have been diligently endeavoring to obtain a supplemental declaration/report from expert Barry Fey. In November and December both myself and the paralegal Jeanne Logé have made numerous calls to his office, and sent letters to his home and office, to request additional information regarding the basis for his expert opinion, but he has not responded. Since November 13, I have only been able to speak with Mr. Fey's assistant (Molly Helbig), and his attorney (Mike Carrington, (303)804-5355). Mr. Fey's assistant initially advised me that he was unavailable due to concert promotion business, and then later that he was unavailable because of illness. After sending a dire letter to Mr. Fey, I was contacted by his attorney, Mr. Carrington, who advised that Mr. Fey could not provide a supplemental declaration because of illness. I again spoke to Mr. Carrington on December 12, and he again apologized for the situation, and advised that it was expected that Mr. Fey could

provide a supplemental declaration in January.  This situation is
unsatisfactory to me, but as the deadline for designation has
passed, I feel I must continue to work with Mr. Fey as an expert,
unless the Court provides leave for Plaintiffs to designate a
different expert on the subject of concert promotion by January
15, 1997.  With regard to Mr. Fey, I propose that in addition to
or in lieu of a supplemental declaration, that Mr. Fey's
deposition be taken.  The reason is that my conversations with
Mr. Fey's assistant (and the reports I have received from the
paralegal who works with me, Jeanne Logé, of her conversations
with Mr. Fey's assistant), disclose that the basis for Mr. Fey's
opinions are recollections of comments he has heard various disc
jockeys make, and Mr. Fey's long-time practice of monitoring
radio air play as market research for his concert promotion
business.  Because these are matters of recollection, Defendant
will undoubtedly want to take Mr. Fey's deposition, no matter how
much specificity he provides in a supplemental declaration.  To
ameliorate the prejudice to Defendant, Plaintiffs offer to pay
the reasonable costs associated with the taking of Mr. Fey's
deposition, and share in payment of the fee Mr. Fey charges for
deposition testimony ($250.00 per hour).  Defendant's counsel
(Katherine Daniels) has advised that Defendant will be taking
other depositions in Colorado, including that of Plaintiff Carl
Wilson's wife.

Executed this 12th day of December, 1996, at Los Angeles,
California.

wil3\010\dumas4.dec                    3

I declare under penalty of perjury under the laws of the United States of America, the State of California, and the State of New Mexico that the foregoing is true and correct.

BETH F. DUMAS

LAW OFFICES OF
## LANGBERG, COHN & DROOZ
AN ASSOCIATION INCLUDING A PROFESSIONAL CORPORATION

**TELEPHONE**
(310)979-3200

**TELECOPIER**
(310)979-3220

**JEANNE LOGE**
**PARALEGAL**
(310) 878-3221

12100 WILSHIRE BOULEVARD
SUITE 1650
LOS ANGELES, CALIFORNIA 90025

J. WILLIAM HAYES
(1921 - 1992)

OF COUNSEL:
PETER C. RICHARDS
GILBERT GAYNOR

November 26, 1996

<u>VIA FEDERAL EXPRESS</u>
R. Bruce Rich, Esq.
Weil, Gotshal & Manges
767 Fifth Avenue
New York, New York 10153

William S. Dixon, Esq.
Rodey, Dickason, Sloan,
Akin & Robb, P.A.
Albuquerque Plaza
201 Third Street NW, Ste. 2200
Albuquerque, New Mexico 87103

Re:    <u>Carl Wilson and Audree Wilson v. HarperCollins</u>
<u>Publishers, Inc.</u>

Dear Gentlemen:

Pursuant to the request of Beth Dumas, enclosed please find
a copy of the Declaration of Marilyn A. Lashner, Ph.D. and a copy
of the docmentation utilized in preparation of Dr. Lashner's
report.

Very truly yours,

*Jeanne A. Logé*

Jeanne A. Logé
Legal Assistant

Enclosures

cc:    Beth F. Dumas, Esq.
       Ernesto J. Romero, Esq.

v:\files\wil3\010\richdixon.jal

*Exhibit to Dumas Decl.*
*BIO*

# Media Analysis & Communications Research

Marilyn A. Lashner, PhD

November 25, 1996

Beth F. Dumas, Esquire
Langberg, Cohn & Drooz
12100 Wilshire Boulevard    Suite 1650
Los Angeles, California    90025

Re: <u>Wilson, et al. vs. HarperCollins</u>

Dear Ms. Dumas:

At your request, I am forwarding the following documents:

a)    Declaration that I Read the Book

b)    Passages Identified in Plaintiff's Complaint

c)    Assertion Sheets

    1)    Focusing on Audree Wilson

    2)    Focusing on Carl Wilson

d)    Tally of Named References:  By Landy;  By Beach Boys

e)    Tally of Assertions

f)    Lexicon of Significant Words Used in Book

g)    Notes of Telephone Converstion with APA

h)    Passages Not Identified as Part of Suit

i)    Comments Regarding Dr. Landy

1341 Gilbert Road
Meadowbrook, PA 19046
(215) 884-4331

Enclosed with Dumas letter of 11/26/96

j)   Pertinant Documents relied on:

  1)   Ethical Standards of American Psychological
       Association:  1972;  1977;  1979;  1981

  2)   <u>Drafting California Revocable Living Trusts</u>

  3)   Criminal Statute Citations re Child Abuse

  4)   Criminal Statute Citations re Import of
       Prohitited Substances in New Zealand.


  See my <u>Coding Manual</u> for the key to understanding my
assertion sheets.  If there are any questions or if there is any
more information needed, please don't hesitate to telephone.

                              Sincerely yours,

                              Marilyn A. Lashner

                              Marilyn A. Lashner, Ph.D.

LAW OFFICES OF

**LANGBERG, COHN & DROOZ**

AN ASSOCIATION INCLUDING A PROFESSIONAL CORPORATION

12100 WILSHIRE BOULEVARD
SUITE 1650
LOS ANGELES, CALIFORNIA 90025

TELEPHONE
(310)979-3200

TELECOPIER
(310)979-3220

BETH F. DUMAS
(310) 979-3236

J. WILLIAM HAYES
(1921 - 1992)

OF COUNSEL:
PETER C. RICHARDS
GILBERT GAYNOR

December 3, 1996

**VIA FEDERAL EXPRESS**

Katherine J. Daniels, Esq.
Weil, Gotshal & Manges
767 Fifth Avenue
New York, New York 10153

      Re:  <u>Wilson v. HarperCollins</u>

Dear Katherine:

      Enclosed please find the Affidavit of Marilyn A. Lashner, Ph.D, dated December 2, 1996 which is organized to contain headings and other information that comports with the rule respecting expert witness reports.  You will note that attached to the affidavit is the report and coding manual previously served on November 15 (the only change is that Dr. Lashner has again signed the documents and had her signature notarized); attached as Exhibits C-R as the documentation utilized in the preparation of Dr. Lashner's report, which documentation was previously served to Defendant via Federal Express on November 26, 1996; enclosed as Exhibit R is the declaration of Marilyn A. Lashner, Ph.D, dated November 25, 1996, which was previously served on Defendant via Federal Express on November 26, 1996; Exhibit O contains newly served documents (timesheets and invoice); and Exhibit Q is Ms. Lashner's curriculum vitae (much of the information contain therein was provided in Ms. Lashner's previously served declarations).

      If you have any questions, please call.

                  Very truly yours,

                  Beth F. Dumas

BFD:myn
Enclosures
cc:  William S. Dixon, Esq. (via Federal Express)


f:..\wil3\010\daniel34.bfd

*Exhibit to Dumas Decl.*
*189.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL WILSON, an individual,      )
and AUDREE WILSON, an            )    Case No. CIV 94 892 JC
individual,                      )
                                 )
         Plaintiffs,             )
                                 )
    v.                           )
                                 )
HARPERCOLLINS PUBLISHERS,        )
INC., a Delaware corporation,    )
                                 )
         Defendant.              )
_____)

## DECLARATION OF JEANNE LOGE

I, JEANNE LOGE, declare as follows:

1.    I am a legal assistant in the firm of Langberg, Cohn &
Drooz, counsel of record for Plaintiffs Audree Wilson and Carl
Wilson.  I assist Beth Dumas on this case.  I have personal
knowledge of the facts set forth and I could and would testify
competently thereto.

2.    This Declaration is offered in support of Plaintiffs'
Response to Defendant's Motion for Preclusion Order Under Rule 37
(c)(1) for Failure to Comply With Rule 26 (a)(2) Concerning
Disclosure of Expert Reports.

3.    I have been in contact with our expert witnesses, Mark
Kaplan, Marilyn Lashner and the office of Barry Fey to secure

wil3\010\JEANNE2.dec

additional information for their expert witness reports. I have received reports from Dr. Lashner and Mr. Kaplan.

4.   In order to secure the additional report of Mr. Fey, I telephoned and faxed a letter to his assistant Molly Helbig to be forwarded to Mr. Fey's home, requesting addition information for a supplemental expert witness report, and advising him that we needed the information/documentation by December 4, 1996. I then called Molly to verify that the fax was received and again stated the importance of receiving the information and documentation from Mr. Fey by December 4, 1996.  I was advised by Molly that Mr. Fey was at a meeting out of the office but that she would fax the letter to Mr. Fey's home.  I have spoken to  Mr. Fey's assistant Molly Helbig on numerous occasions, sometimes as much as three times a day, since December 2, 1996.

5.   On December 3, 1996, I called Molly and asked if they sent me the requested information and/or documentation and she said that she had not spoken with Mr. Fey, that he had been out sick.

6.   On December 4, 1996, I called Molly and was advised that she had not spoken to Mr. Fey and that, consequently, they had not sent us any information.  I again stressed the urgency that I speak to Mr. Fey by the close of business.  I advised my attorney, Beth Dumas, that I was have extreme difficulty reaching Mr. Fey and that I had been in daily contact with Molly at his office.  Thereafter, Beth Dumas spoke to Molly and I believe was advised that Barry Fey had been ill and had not been in the

wi3\010\JEANNE2.dcc                    2

office or in contact with the office.  Beth again stressed the urgency that we receive the information from Mr. Fey.

7.   On December 9, 1996, I again called Molly and stressed the urgency that I receive a return call from Mr. Fey.  Shortly before noon that day, I called Molly again and she advised me that Mr. Fey was home ill and she would try to contact him at home.

8.   On December 2, 1996, I faxed a letter authored by Beth Dumas to Mr. Fey's home, which (again) requested additional information and documentation, and stressed the urgency of a telephone conference to discuss the matter in detail.

9.   I did not receive a call on December 9, 1996, so I faxed the letter to Molly on December 10, 1996 asking that she forward the letter to Mr. Fey.

10.  I am aware that on December 10, 1996, Beth Dumas was contacted by attorney Mike Carrington of Denver, Colorado, on behalf of Mr. Fey.  However, I am unaware of the conversation that took place other than what I heard Beth discussing, being that we needed certain information and documentation.  I believe that Beth was told that Mr. Fey had been home ill for some time and I heard Beth request a doctor's note to substantiate the duration of Mr. Fey's illness.

Executed this 12th day of December, 1996, at Los Angeles, California.

wil3\010\JEANNE2.dec                              3

I declare under penalty of perjury under the laws of the United States of America, the State of California, and the State of New Mexico that the foregoing is true and correct.

_Jeanne Loge_
JEANNE LOGE

3RD CASE of Level 1 printed in FULL format.

JUDY H. DUNBAR and WARREN DUNBAR, Plaintiffs, v. BALLYMORE COMPANY, Defendant.
BALLYMORE COMPANY, Third Party Plaintiff v. ONEIDA LTD., Third Party Defendant.

88-CV-108

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

1991 U.S. Dist. LEXIS 18579

December 18, 1991, Decided

December 19, 1991, Filed

**COUNSEL:** [*1] APPEARANCES:

ANTHONY P. ENDIEVERI, Attorney for Plaintiffs, 5016 West Genesee Street, Camillus, New York 13031

SAPERSTON & DAY, P.C., Attorneys for Defendant/Third Party Plaintiff, 800 First Federal Plaza, Rochester, New York 14614-1999, WILLIAM G. GANDY, ESQ.

BOND, SCHOENECK & KING, Attorneys for Third Party Defendant, One Lincoln Center, Syracuse, New York 13202, JOHN H. CALLAHAN, ESQ.

**JUDGES:** MUNSON

**OPINIONBY:** HOWARD G. MUNSON

**OPINION:** MEMORANDUM-DECISION & ORDER

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, defendant/third party plaintiff moves for sanctions in the form of the exclusion of all expert testimony on plaintiffs' behalf and reasonable costs, including attorney's fees, based on plaintiffs' failure to obey a discovery order. For the reasons stated below, the court denies the motion to the extent that it seeks exclusion of expert testimony at trial, but grants defendant reasonable costs, including attorney's fees, associated with bringing the motion. The court further orders plaintiffs to pay defendant's reasonable costs incurred in deposing plaintiffs' expert witness.

I. FACTS

This is a products liability case. On March 16, 1987, plaintiff Judy Dunbar allegedly injured [*2] her left knee when she fell off a four-step, rolling, metal stepladder which was designed, manufactured, and sold by defendant Ballymore.

The present dispute focuses on Question 17 of defendant's second set of interrogatories, served on plaintiffs on June 22, 1990. Question 17 sought the identity of plaintiffs' expert witness, as well as relevant facts known, and opinions held, by the expert. Exhibit ("Exh.") A attached to Document ("Doc.") 30, at 14-15. Plaintiffs failed to respond to Question 17, which compelled defendant to obtain a court order directing, inter alia, plaintiffs to furnish their expert disclosure by August 12, 1991. Defendant's Motion for Sanctions, Attached to Doc. 30, at P4. Paragraph three of the June 11, 1991 Order states that "the plaintiff shall furnish her expert disclosure to the defendant within 60 days of the entry of this order." Exh. C attached to Doc. 30, at 2. Upon the request of plaintiffs, the parties agreed to a one month extension of the deadline until September 11, 1991. On that date, defendant received a letter from plaintiffs' counsel stating that he intended to use Paul F. Youngdahl as his liability expert, and that he would send [*3] supplemental answers to defendant's interrogatories forthwith. Exh. F attached to Doc. 30. In response to this letter, defendant's counsel notified plaintiffs on September 12, 1991 that the mere disclosure of the proposed expert's name did not comply with the court's June 11, 1991 Order and asked when the supplemental answers could be expected. Exh. G attached to Doc. 30. On September 27, 1991, plaintiffs' counsel told defendant's counsel by telephone that the expert disclosure would be forthcoming, to which defendant stated that he would not agree to an extension of time. Defendant's Motion for Sanctions, Attached to Doc. 30, at P9. After plaintiffs' counsel again failed to produce the expert disclosure, defendant filed the present motion pursuant to Fed. R. Civ. P. 37 on October 4, 1991. Defendant

DEC 12 '96 14:08                                                      P.13/14
Case 1:94-cv-00892-JEC-LFG    Document 133    Filed 12/23/96    Page 24 of 25

Page 10
1991 U.S. Dist. LEXIS 18579, *3

seeks an order excluding the introduction of any and all expert testimony on plaintiffs' behalf, and also seeks attorney's fees and costs incurred by defendant in bringing the motion.

On October 10, 1991, six days after defendant's motion for sanctions and costs was filed, plaintiffs filed a supplemental answer to the defendant's interrogatories, outlining the topics Mr. Youngdahl [*4] would address at trial. See Doc. 32. On October 29, 1991, plaintiffs filed a response to defendant's motion for sanctions, arguing that exclusion of all expert testimony would be unduly prejudicial, especially in light of the fact that the discovery deadline has been extended to December 31, 1991, and that no dates have been set for the final pretrial conference or trial. Furthermore, plaintiffs argue that the court order mandating "expert disclosure" was ambiguous, and that their action in submitting the name of the expert on September 11, 1991 was sufficient to comply with the order.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(B) states that:

If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . ., the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

Failure to comply with a court's discovery order clearly provides a basis for precluding [*5] certain evidence, including expert testimony. *Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990)* (district court's decision to exclude expert witness testimony in legal malpractice case based on plaintiff's failure to designate experts until two weeks after deadline was not abuse of discretion); *Hagans v. Henry Weber Aircraft Distribs., Inc., 852 F.2d 60, 64-66 (3d Cir. 1988)* (precluding use of substitute pilot expert, in litigation arising from airplane crash, as sanction for plaintiff's failure to disclose that original pilot expert conducted flight test was proper); *Sexton v. Gulf Oil Corp., 809 F.2d 167, 170 (1st Cir. 1987)* (trial court properly refused to modify scheduling order to allow plaintiff's late identification of experts). However, this court is of the opinion that where both parties concede that the evidence sought to be excluded is critical to the case and disclosure of the evidence, although untimely, ultimately is achieved in

advance of trial, exclusion is an unduly harsh sanction. Plainly, the expert testimony in this products liability case is crucial to plaintiffs' claims. The court does not [*6] take lightly plaintiffs' delinquency in complying with the June 11, 1991 discovery order, nor does it credit plaintiffs' assertion that the discovery order was ambiguous. n1 Nevertheless, in view of the fact that plaintiffs have now fully complied with expert disclosure, the court denies defendant's motion to exclude all expert testimony on behalf of plaintiffs in this lawsuit.

n1 The court notes that plaintiffs never sought clarification of the June 11, 1991 Order. If they believed the order was ambiguous, plaintiffs immediately should have sought further instruction from the court, rather than pursuing the course of delay revealed in the record on the present motion. Moreover, even a cursory review of the proceedings which resulted in the June 11, 1991 discovery order makes clear that the court was addressing plaintiffs' failure to answer Question 17 of defendant's second set of interrogatories when the court directed "expert disclosure" to take place. Because Question 17 requested not only the name of the proposed expert, but also facts known and opinions held by the expert relevant to the instant lawsuit, it is ludicrous to argue that the June 11, 1991 Order directed anything less than full compliance with defendant's expert discovery request.

[*7]

The court does, however, grant defendant's motion to the extent that it seeks reasonable costs and attorney's fees associated with bringing the instant motion. The court further orders plaintiffs to pay the reasonable costs defendant incurs in deposing plaintiffs' expert witness. Within the "wide discretion" this court has under Rule 37(b)(2) to impose reasonable expenses, including attorney's fees, on the party failing to obey a discovery order when no reasonable justification is presented, the imposition of these costs is a just method of addressing plaintiffs' failure without the prejudicial effect exclusion of expert testimony would have on plaintiffs' case.

## III. CONCLUSION

In summary, defendant's motion is denied to the extent that it seeks exclusion of all expert testimony on behalf of plaintiffs at trial, but granted as to the attorney's fees, cost of bringing the motion, and cost of deposing the expert. Defendant is directed to submit to the court and to plaintiffs' counsel a summary of the reasonable costs, including attorney's fees, it incurred in filing the present motion. Upon receipt, the court will

review the summary and issue an order setting forth the appropriate [*8] amount and directing plaintiffs to make the required payment.  With regard to the deposition of Mr. Youngdahl, plaintiffs' expert witness, the parties are directed to negotiate an acceptable arrangement for payment of defendant's costs in accordance with this Order.

It is So Ordered.

Dated: December 18, 1991

Syracuse, New York

HOWARD  G.  MUNSON,  SENIOR  UNITED STATES DISTRICT JUDGE