UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 1 1997


CLERK

CARL WILSON, an individual, and
AUDREE WILSON, an individual,

    Plaintiffs,

vs.                                                  CIV 94-892 JC/LFG

HARPERCOLLINS PUBLISHERS
INC., a Delaware corporation,

    Defendant.

## MEMORANDUM OPINION & ORDER

THIS MATTER came on for consideration of Defendant's Motion for Preclusion Order under Rule 37(c)(1) for Failure to Comply With Rule 26(a)(2) Concerning Disclosure of Expert Reports, filed December 23, 1996. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

**Background**

Plaintiffs were scheduled to disclose their expert witness reports to HarperCollins by November 15, 1996. HarperCollins alleges that it did not receive the reports until November 18, 1996. Regardless, the real issue before the Court is whether Plaintiffs should be sanctioned for providing incomplete information on their expert witness reports. Plaintiffs provided deficient information on three experts: Barry Fey, Mark Kaplan, and Marilyn Lashner. This fact is not in dispute. Moreover, it is evidenced by Plaintiffs' attempt to supplement their report as to Marilyn



Lashner on November 28, 1996 and as to Mark Kaplan on December 11, 1996. To date, Plaintiffs have failed to adequately supplement the information as to Barry Fey. Plaintiffs maintain that this failure is due to the fact that Mr. Fey has been seriously ill. In their motion, HarperCollins seeks an order from this Court excluding the testimony of each of these witnesses because of Plaintiffs' failure to comply with Rule 26(a).

### Analysis

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to other parties the identity of any person who may be used at trial to present evidence [as an expert]." This disclosure must be

> accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness in the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

Under Rule 37, a district court has broad discretion to impose sanctions for discovery violations. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43 (1976). In determining a sanction, a district court "should be guided by the 'concept of proportionality' between offense and sanction." Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996)(citation omitted). The Seventh Circuit recently held that "the sanction of exclusion under Rule 37(c)(1) is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." Mid-America Tablewares,

Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1363 (7th Cir. 1996). The "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Id.

In the present matter, Plaintiffs have offered no justification whatsoever for providing Defendants with incomplete reports. Therefore, the question becomes whether Plaintiffs' failure to provide complete reports can be deemed "harmless." In examining this issue, it is important to recognize that Plaintiffs quickly updated their reports with regard to two of their experts: Mark Kaplan and Marilyn Lashner. One supplement occurred only a few days after the original filing on November 28, 1996, and the other on December 11, 1996. Since these supplements were made within a reasonable period of time, Plaintiffs' original failure is deemed harmless.

Plaintiffs' failure to supplement the required disclosure regarding Barry Fey is more troubling. As far as this Court is aware, to date, Plaintiffs have failed to update their report. Nonetheless, striking the witness is a severe sanction. Instead, Plaintiffs shall be ordered to pay all the fees and costs to HarperCollins associated with taking Mr. Fey's deposition. Further, HarperCollins shall have one month after the date of that deposition to file their own reports regarding experts. The result is that HarperCollins will not be prejudiced by delay or expense. While it is true that Plaintiffs should have provided complete information by the required date, Defendants proposed sanction of excluding these witnesses' testimony would not be "proportional" to the offense. See Bonds, 93 F.3d at 808.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion for Preclusion Order under Rule 37(c)(1) for Failure to Comply With Rule 26(1)(2) Concerning Disclosure of Expert Reports (Doc.

# 131) be, and hereby is, **denied**.

IT IS HEREBY FURTHER ORDERED that Plaintiffs pay HarperCollins fees and costs associated with taking the deposition of Mr. Barry Fey.

IT IS HEREBY FURTHER ORDERED that HarperCollins will have one month after the deposition of Mr. Fey to reply regarding their experts.

IT IS HEREBY FURTHER ORDERED that HarperCollins submit their attorneys' fees and costs for the preparation of this motion to the Court for review.

DATED February 10, 1997.

CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
    Ernesto J. Romero
    Albuquerque, NM

    Beth Dumas
    Barry B. Langberg
    Los Angeles, CA

Counsel for Defendant:
    William S. Dixon
    Albuquerque, NM

    R. Bruce Rich
    Katherine J. Daniels
    New York, NY