IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
NEW MEXICO

JUL 3 0 1997

CARL WILSON, an individual, and
AUDREE WILSON, an individual,

      Plaintiffs,

v.    No. CIV 94-892 JC/LFG

HARPERCOLLINS PUBLISHERS, INC.,
a Delaware Corporation,

      Defendant.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARPERCOLLINS' MOTION FOR RECONSIDERATION OF THE JULY 7, 1997 ORDER REGARDING PLAINTIFF CARL WILSON'S LIBEL CLAIMS

On July 7, 1997, this Court granted in part HarperCollins' motion for summary judgment on plaintiff Carl Wilson's libel claims. HarperCollins submits the present motion for reconsideration of that Order on two grounds. First, as to the challenged passage from pages 311-12 of the book (see Second Amended Complaint ¶ 19) -- which concerns the retention of Landy to treat Dennis Wilson -- the Court observes on page 11 of its Memorandum Opinion (also filed on July 7) that since "HarperCollins makes no reference to this passage" in its summary judgment motion, it "will not be considered for review." Slip Op. at 11.

      HarperCollins did, however, address this passage both in its opening and reply briefs, asserting that it is not actionable and should be dismissed for a number of reasons, including, inter alia, its substantial truth. See Opening Brief at 22 n.10; Reply Br. at 19-20. HarperCollins thus respectfully requests that the Court reconsider its ruling on this passage in

179

light of the arguments presented.

Second, the July 7 Opinion makes no reference to two of the passages challenged by Mr. Wilson which concern his drinking of alcohol, and which allegedly support his assertion in paragraph 20 of the Complaint that the book "falsely portray[s] Carl as an abuser of alcohol." These passages are:

1. My brother Carl, on the other hand, stayed in his room and drank. (Book at 376; Complaint ¶ 19)

2. I was performing on my own, making my own decisions, even venturing out to art museums and restaurants while Carl was holed up in his room, avoiding the outside world, still drinking heavily, blind to his own problems. (Book at 378; Complaint ¶ 19.)

HarperCollins' opening and reply briefs directly address these passages and the various reasons why they are not actionable, including, <u>inter alia</u>, Mr. Wilson's admitted history of alcohol abuse and his inability to recall the time period in which these passages are said to have occurred. <u>See</u> Opening Br. at 11-12; Reply Br. at 14-15. HarperCollins thus respectfully requests that the Court rule as to these passages.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _/s/ William S. Dixon_
William S. Dixon
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900

-and-

2

>R. Bruce Rich
>Elizabeth Weiswasser
>WEIL, GOTSHAL & MANGES
>767 Fifth Avenue
>New York, New York 10153
>Telephone:  (212) 310-8000
>
>Attorneys for Defendant, HarperCollins
>   Publishers, Inc.

We hereby certify that a copy of
the foregoing was hand delivered
to Ernesto J. Romero and faxed to
Barry Langerg this _15th_ day of
July, 1997.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _/s/ William S. Dixon_
   William S. Dixon