

FILED

UNITED STATES DISTRICT COURT
ALB_____ NEW MEXICO

JUL 3 0 1997

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL WILSON, an individual,       )
and AUDREE WILSON, an             )     Case No. CIV 94 892 JC
individual,                       )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )
                                  )
HARPERCOLLINS PUBLISHERS,         )
INC., a Delaware corporation,     )
                                  )
          Defendant.              )
                                  )

**PLAINTIFF CARL WILSON'S MEMORANDUM OF LAW IN RESPONSE
TO HARPERCOLLINS' MOTION FOR RECONSIDERATION**



wil3\010\pleading

While it is true that the July 7, 1997 Memorandum Opinion of this Court does not directly address the allegations relating to pages 376 and 378 of the subject book (the "Book"), the Court did issue its ruling at the July 2, 1997 hearing:

> THE COURT:  I'm going to put out a written opinion on this motion which I hope will at least rise to the level of the literary expertise of the book.  In it I'm going to find that the following pages do not say anything defamatory, and summary judgment as to these pages will be granted, to the information on these pages: 98, 252, 268, 332 to 333.  As to the trickery part of it, 351, 371, 387, 243, 373, 232 and 239.
>
> <u>As to the other parts of the motion, the remaining pages that I have not mentioned, I'll deny summary judgment as to the statements on those pages</u>. . . .

July 2, 1997, Transcript of Proceedings, pp. 31-32 (emphasis added)(a true and correct copy of the transcript is attached hereto as Exhibit "A").

The allegations relating to pages 376 and 378 were well briefed, as noted by Harpercollins in its Motion for Reconsideration.  The same subject matter was then argued by Harpercollins at the hearing.  <u>See</u>, July 2, 1997, Transcript of Proceedings, p. 18.  As reflected in the Court's language quoted above, the Court then identified the specific pages upon which it was granting Harpercollins' Motion for Summary Judgment.  Thus, it cannot reasonably be argued that the Court failed to consider the passages.  Rather, those passages appear to have been inadvertently left out of the Court's written opinion.

Similarly, the passage on pages 311-312, which, in Harpercollins' moving papers for Summary Judgment was <u>only addressed in a footnote</u>, was not one of the passages upon which the Court granted Summary Judgment at the time of the hearing. Therefore, such passage should remain part of this action.

Further, Harpercollins argued that the same arguments which it contends make the passages relating to Landy's treatment of Brian nonactionable, also make the passages relating to Landy's treatment of Dennis nonactionable. <u>See</u>, Harpercollins Motion for Summary Judgment, p. 22, fn. 10. In ruling on the passage relating to Landy's treatment of Brian, this Court found that a reasonable jury could find the passage defamatory because "it fails to accurately demonstrate the true level of concern Carl had for Brian's well-being." July 7, 1997 Memorandum Opinion, p. 11. Thus, based upon Harpercollins' contention that the same arguments apply to both the Landy-Brian and Landy-Dennis passages, there should be no doubt that summary judgment as to the Landy-Dennis passage contained on pages 311-312 of the Book must be denied.

Therefore, Plaintiff Carl Wilson respectfully requests that this Court modify its July 7, 1997 Memorandum Opinion to reflect the July 2, 1997 ruling of the Court denying Defendant

//

//

Harpercollins' Motion for Summary Judgment as to pages 311-312, 376 and 378 of the Book.

DATED:   July 28, 1997                    Respectfully submitted,

                                          BRONSON, BRONSON & McKINNON

                                          By: _____
                                          Mitchell J. Langberg, Esq.
                                          444 S. Flower Street
                                          24th Floor
                                          Los Angeles, California 90071
                                          (213) 627-2000

                                          Ernesto J. Romero
                                          THE ROMERO LAW FIRM
                                          3602 Campus Boulevard N.E.
                                          Albuquerque, New Mexico 87106
                                          (505) 262-2131