

## UNITED STATES DISTRICT COURT
District of New Mexico
Albuquerque, New Mexico 87103

Chambers of
**JOHN E. CONWAY**
Chief Judge

July 14, 1995

P.O. Box 1160
(505) 766-1573
FAX: (505) 766-1124



William S. Dixon, Esq.
RODEY LAW FIRM
201 Third Street, NW, Suite #2200
Albuquerque, New Mexico  87103

R. Bruce Rich, Esq.
Katherine J. Daniels, Esq.
WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, New York  10153

Ernesto J. Romero, Esq.
3602 Campus, NE
Albuquerque, New Mexico  87106

Barry B. Langberg, Esq.
Jody R. Leslie, Esq.
Beth F. Dumas, Esq.
LANGBERG, LESLIE & GABRIEL
2049 Century Park East, Suite #3030
Los Angeles, California  90067

   Re: <u>Wilson, et al. v. Harpercollins Publishers, Inc., et al.</u>
     No. CIV 94-892 JC/LFG

Dear Counsel:

  After a thorough review of the briefs submitted by the parties and after consideration of oral arguments, I find that Defendant's Motion to Dismiss is well taken in part and will be granted in part.

  As a preliminary matter, I applied New Mexico law in reaching my decision on this motion.  Defendant argued that Plaintiffs cannot sustain their claims under the law of any of the potential forum jurisdictions, one of which is New Mexico.  Thus, if Plaintiffs' claims survive under New Mexico law or the law of any other potential forum, then denial of Defendant's motion is proper.  Moreover, I treat Defendant's Motion to Dismiss as a Motion for Summary Judgment because I relied on portions of Brian Wilson's autobiography in reaching my decision.

*Wilson v. Harpercollins*
Page Two
July 14, 1995

  The first issue raised by Defendant is whether certain passages in Brian Wilson's autobiography concerning Andree Wilson are defamatory. I find that the relevant statements concerning Ms. Wilson's acquiescence to her husband's abuse of her children are defamatory and are libelous per se even when considered in the context of the entire autobiography. These statements expose Ms. Wilson to contempt and harm her reputation. *See* New Mexico Supreme Court Rules Annotated, 1986 § 13-1007. Moreover, the statement's defamatory meaning is clear without any insinuations, innuendo or explanatory circumstances. *Marchiondo v. New Mexico State Tribune Co.*, 98 N.M. 282, 287 (Ct. App. 1981), *rev'd* on other grounds *Marchiondo v. Brown*, 98 N.M. 394 (1982). Thus, I deny the Motion for Summary Judgment on this issue.

  However, I find that the statements concerning Ms. Wilson's drinking are not libelous per se because their defamatory meaning is not clear on their face. I find Defendant's arguments in this regard persuasive. These statements could constitute libel per quod. However, Plaintiffs failed to plead special damages as required for libel per quod. Thus, summary judgment is proper on this issue.

  The Defendant's next argument is that any defamatory sting resulting from the statements concerning Ms. Wilson is nonactionable because the statements constitute Brian Wilson's opinion. I find this argument unconvincing and will deny Summary Judgment on this ground.

  I note that the Supreme Court held in *Milkovich* that it never intended to create in its prior cases a common law exemption to defamation for anything labeled opinion. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 118 (1990). The New Mexico courts have not determined the full effect this decision has on this state's opinion exemption to defamation. Rather than attempt to resolve the apparent conflict between New Mexico and federal case law, I analyze the relevant passages under both federal and state opinion jurisprudence.

  The passages concerning Ms. Wilson as a bystander to child abuse do not constitute opinion under New Mexico law because they are verifiable. *See Moore v. Sun Publishing Corp.*, 881 P.2d 735, 742 (Ct. App. 1994). Moreover, a reasonable person would conclude that the relevant passages were factual because they appeared in a book purporting to be a factual description of Brian Wilson's life written by Mr. Wilson himself. S.C.R.A. 1986, 13-1004. Additionally, I find that exemptions described in *Milkovich* do not protect the relevant statements.

  Defendant's next ground for summary judgment is that Plaintiffs improperly pled their first claim as defamation per se. I agree that Ms. Wilson's claim does not constitute defamation per se as described in *Marchiondo v. New Mexico State Tribune Co.*, 98 N.M.

<u>Wilson v. Harpercollins</u>
Page Three
July 14, 1995

282, 287-288 (Ct. App. 1981). Nonetheless, *I find that the first claim gave Defendant reasonable notice of Plaintiffs' actual claim of libel per se and will deny summary judgment on this ground.* See *5 Wright & Miller, Federal Practice and Procedure § 1216, p. 162.*

*I also find that Summary Judgment on a portion of Plaintiffs' second claim is improper. While I find that the relevant passages are not libel per se, I also find that there is a question of fact as to whether the passages qualify as libel per quod because their defamatory meaning may be clear from the explanatory circumstances in the remainder of the book.* See <u>Marchiondo v. New Mexico State Tribune Co.</u>, *98 N.M. 282, 287 (Ct. App. 1981). I also find that Plaintiffs' allegations of special damages are adequate to support a libel per quod claim because they are substantial enough to allow Defendant to prepare an answer and defense.* See *5 Wright & Miller, Federal Practice and Procedure § 1311, p. 704-705. However, Plaintiffs must amend their complaint to complete their allegations of special damages as soon as possible.*

*Defendant also moved for Summary Judgment on a passage set out in Plaintiffs' second claim arguing that is non actionable opinion. I deny the motion on this ground because I find that a factual question exists as to whether it is a statement of opinion or fact.*

*Defendant's final ground for summary judgment is that Plaintiffs failed to plead their third claim with sufficient specificity. I find Defendant's arguments on this issue compelling and order the Plaintiffs to file an amended complaint describing the specific passages of which they complain.*

*An order in conformance with my findings will be prepared by the Court.*

Very truly yours,

John E. Conway
Chief Judge


JEC:lj

Chambers of John E. Conway, Chief Judge